35 U.S. 227 (____)
10 Pet. 227
*BENJAMIN I. GILMAN, PLAINTIFF IN ERROR,
v.
PETER G. RIVES.
Supreme Court of United States.

The case is stated at large in the opinion of the court.
Mr. Justice STORY delivered the opinion of the court.
This is a writ of error to the circuit court for the district of West Tennessee.
The plaintiff in error, Gilman, brought an action of debt against the defendant in error, Rives, upon a joint judgment rendered in his favour against Rives and one Leonard H. Lyne, in the circuit court for the district of Kentucky. The declaration is in the following terms: "For that whereas the said Benjamin Ives Gilman, Jun., heretofore, to wit, at the November term, in the year of our Lord 1829, of the seventh circuit court of the United States, sitting in and for the district of Kentucky, at Frankfort in said state, before, &c., by the consideration and judgment of the said court, recovered against the *said Peter G. Rives and one Leonard H. Lyne the sum of [*299 6860 dollars, then and there adjudged to the said B.I. Gilman, Jun., for his damages, which he had sustained by reason of the non-performance of the defendant and the said Leonard H. Lyne, of certain promises and undertakings then lately made by them to the plaintiff, and also his costs and charges by him about his suit in that behalf expended, whereof the said Peter G. Rives, the present defendant, and the said Leonard H. Lyne were convicted, as by the records, &c., which said judgment still remains in full force and effect, &c.; whereby an action hath accrued to him the said B.I. Gilman, Jun., to demand and have of the defendant the said sum of 6860 dollars above demanded; yet the defendant, though often requested, &c."
*228 To this declaration there was a general demurrer filed; and upon the joinder in demurrer, the circuit court gave judgment in favour of the defendant, "that the declaration aforesaid and the matters in the same contained, are not good and sufficient in law to enable the plaintiff to have and maintain his action aforesaid," &c.
The present writ of error is brought to revise that judgment.
The sole question in the case, is whether the action was maintainable against the defendant Rives alone, the judgment appearing on the face of the declaration to be a joint one against him and Lyne, and no reason being assigned in the declaration, why Lyne was not made a party thereto. If it had appeared upon the face of the declaration, that Lyne was dead, or out of the jurisdiction of the court, or incapable of being made a party to the suit, there is no doubt, that the action might well be maintained against the other judgment debtor. The question then is, whether the non-joinder of Lyne, as a co-defendant, and the omission to aver any reason for such non-joinder, are fatal defects, upon a general demurrer to a declaration thus framed. The matter might, without doubt, have been pleaded in abatement; and not having been so pleaded, it is contended, that it cannot be taken advantage of upon general demurrer.
The doctrine, which is to govern in this case, is of a purely technical nature, and turns upon the rules of good pleading. We have certainly no desire to encourage exceptions of this sort, for they are generally of a nature wholly beside the merits of the case. But still, if they are founded in the general rules of pleading, and are supported by authority, it is our duty not to disregard them.
Generally speaking, all joint obligors, and other persons, bound by covenants, contract, or quasi contract, ought to be made parties to the *300] *suit; and the plaintiff may be compelled to join them all, by a plea in abatement for the non-joinder. But such an objection can only be taken advantage of by a plea in abatement: for if one party only is sued, it is not matter in bar of the suit, or in arrest of judgment, upon the finding of the jury, or of variance in evidence upon the trial. Thus, for instance, if one obligor be sued upon a joint bond, and upon oyer the bond is spread upon the record, and thereby becomes a part of the declaration, by which it appears; that another person is named as a joint obligor, the party should not demur, but should plead in abatement, that the other sealed and delivered the bond, and was in full life; for non constat, upon the oyer, that the other did seal and deliver the bond. So it was held in Whelpdale's case, 5 Co. Rep. 119, and in Cabell v. Vaughan, 1 Saund. Rep. 291, and that doctrine has been constantly referred to ever since, and was fully confirmed in Rice v. Shute, 5 Burr. Rep. 2611. But if it should appear upon the face of the declaration, or or other pleading of the plaintiff, that another jointly sealed the bond with the defendant, and that both are still living, the court will arrest the judgment, and the objection may be taken by demurrer; because the plaintiff himself shows, that another ought to be joined; and it would be absurd to compel the defendant to plead facts, which are *229 already admitted. It is unnecessary to do more to support this distinction than to refer to the learned note of Serjeant Williams, to the case of Cabell v. Vaughan, 1 Saund, Rep. 291, note 4, where all the leading authorities are collected and commented on.
But the same doctrine does not appear to have been acted upon, to the full extent, in cases of recognisance and judgments, and other matters of record, such as bonds to the crown. If in cases of this sort it appears by the declaration, or other pleadings, that there is another joint debtor, who is not sued, although it is not averred, that he is living; the objection need not be pleaded in abatement, but it may be taken advantage of upon demurrer, or in arrest of judgment. Thus, in Blackwell v. Ashton, Alleyn's Rep. 21, a scire facias was brought against three parties, upon a recognisance acknowledged by them and the principal, jointly and severally; and upon a demurrer, the writ abated by good advisement, as the report says, because this being founded upon a record, the plaintiff ought to show forth the cause of the variance from the record. But if an action be brought upon a bond in the like case, there the defendant ought to show, that it was made by them and others in full life, not named in the writ: *because the court shall not intend, that the bond was sealed and [*301 delivered by all, that are named in it. There is another report of the same case, or of another case between the same parties, in the preceding term of the court, in Styles' Rep. 50, in which the points are somewhat differently stated; but it is a very loose note. The case in Alleyn's Rep. 21, has been fully recognized and acted on in the recent cases in the court of exchequer. In Rex v. Young, 2 Anstr. Rep. 448, there was a scire facias against two joint sureties upon a recognisance to the king; and the declaration stated, that four persons became bound by the recognisance, without averring the other, to be dead or outlawed. There was a plea put in by the defendant, to which the crown replied; and upon general demurrer the plea and replication were held to be bad. An exception was taken to the declaration, that all the parties were not joined; and it was held a fatal objection by the court. Lord chief baron Macdonald, in declaring the opinion of the court, said: "The defendant, however, rests on an objection to the declaration, that two of those jointly bound in the recognisance are sued without the rest, and without averring, that the others are dead. And it is clear that this is a valid objection to it. But it has been contended, that the objection should have been taken by a plea in abatement. That rule holds, where the fact does not appear upon the declaration. But where it already appears on the declaration, that others ought to have been joined, and are not, no plea is necessary. It is clear from the cases cited in 5 Burr. 2611, and that in Alleyn, which corresponds very accurately with the present." The same point was adjudged in the same way by the same court in the subsequent case of Rex v. Chapman, 3 Anstr.Rep. 811.[(a)]
*230 As a question, therefore, of authority, the doctrine seems well settled; and we cannot say, that upon principle there is not good sense in requiring the plaintiff in his suit, to assign some reason, why, when he declares upon a joint judgment, he does not join action, whom he states in his declaration to be jointly liable.
The objection may be urged, that the judgment upon a general demurrer, in this case, will be a good bar to any future suit brought against the present defendant upon the same debt, or against him and the other judgment debtor. We are of a different opinion as to both, if the declaration be properly framed; for a judgment, that a declaration is bad in substance (which alone, and not matter of form, *302] *is the ground of a general demurrer) can never be pleaded as a bar to a good declaration for the same cause of action. The judgment is in no just sense a judgment upon the merits. If authority be wanting for this position, it will be found in the case of Lampen v. Kedgewise, 1 Mod. Rep. 207; where to an action in the nature of a conspiracy, the defendant pleaded a bad plea, and judgment was in fact rendered against the plaintiff for the insufficiency of his declaration; but by mistake or design the judgment was entered, that the plea was good, and ideo consideratum, instead of that the declaration was bad and insufficient, and ideo consideratum. Upon a second suit for the same cause of action, the former judgment was pleaded, and upon demurrer held no bar. And the court held, that notwithstanding this mistake in the entry, if the plea was bad it was no estoppel; and the court accordingly took notice of the plea, and said upon that matter, as it falls out to be good or otherwise, the second action is maintainable or not. And judgment was accordingly given, nisi, for the plaintiff. But if the judgment had been properly rendered, that the declaration was insufficient, &c., there was no doubt, that the former judgment was no bar.
But to avoid all possible difficulty on this point, in our own judgment, we shall state the cause for which the declaration is held bad; so that it cannot be a bar to any suit properly brought on the judgment.
The judgment of the circuit court is therefore affirmed, with costs.
This cause came on to be heard on the transcript of the record from the circuit court of the United States for the district of West Tennessee, and it was argued by counsel; on consideration whereof, inasmuch as it appears to the court that the declaration and the matters therein contained are not sufficient in law for the said Gilman to have or maintain his aforesaid action against the said Rives, because it appears upon the declaration that there is another joint judgment debtor, the said Lyne, who is not sued, nor any reason assigned why he is not joined in the suit; therefore, and for this cause, it is considered by the court that the judgment of the said circuit court be, and hereby is affirmed with costs.
NOTES
[(a)] See also the note of Messrs Pattison and Williams to the last edition of Saunders. 1 Saund. 291, note (c).