THOMAS RICHARDSON, PLAINTIFF IN ERROR, *v.* THE CITY OF BOSTON.

The decisions of this court in the cases of the City of Boston *v.* Lecraw, 17 How., 426, and Richardson *v.* City of Boston, 19 How., 263, referred to and explained.

Indictments against the city of Boston, in 1848, for permitting unhealthy vapors and exhalations to arise in that part of the city which the sewer in question was erected to remedy, were admissible in evidence, on the part of the city, to show that the conduct of the city did not tend to oppression, and as part of the history of the case. An instruction of the court below was correct, viz: that a former verdict and judgment, though admitted in evidence, should have little or no weight on the decision of the case, because it was founded on erroneous instructions on the law.

So, also, an instruction was correct which told the jury that there was no evidence in the case which would authorize them to find that the city of Boston had ever dedicated to the public use a public highway, town way, dock, or public way, between the wharves in question, for the access of boats and vessels between said wharves to high-water mark or the egress therefrom to the sea.

These instructions were in conformity with the previous decisions of this court.

THIS case was brought up by writ of error from the Circuit Court of the United States for the district of Rhode Island.

It was an action for the continuance of an alleged nuisance from 13th September, 1850, to 15th April, 1852. It will hereafter appear why the first of these dates was named.

The nuisance charged is described in two preceding cases, viz: City of Boston *v.* Lecraw, 17 How., 426, and Richardson *v.* City of Boston, 19 How., 263. Without noticing at present the first-named case, it may be proper to give the history of the present one.

The action was brought by Richardson in the Circuit Court of Massachusetts to October term, 1850.

1851, March. General issue pleaded, and special plea; plaintiff demurs to special plea.

1851, April. Plaintiff has leave to amend his declaration by adding two counts.

1851, May. A statement of facts submitted.

1851, October. Agreement of counsel that the case should be carried to the Supreme Court.

1852, May. Plaintiff has leave to amend declaration.

1852, October. Boston files petition to remove the case, because Mr. Justice Curtis had been counsel, and Judge Sprague was interested; removed to Rhode Island.

1853, June. Argued before Judge Pitman on the agreed statement of facts; verdict guilty; damages and costs, $2,026.87 up to 13th September, 1850; judgment on sixth count; motion for new trial; pending which, the case of Lecraw *v.* City of Boston was decided by this court, as reported in 17 How.; case continued by agreement.

1855, June. New trial granted; plaintiff amends writ and declaration by adding a count, which is the subject of comment by this court in the present opinion; verdict not guilty; plaintiff sues out writ of error, and brings the case up to this court to December term, 1855.

1856, December term of this court. Case tried, and reported in 19 How., 263; judgment reversed.

1857, November term of Circuit Court. Mandate from this court presented; new trial ordered.

1858, June term. Plaintiff amends writ and declaration by striking out the words constituting the *ad damnum* in said writ, as the same now stands, and inserting in lieu thereof the words following, viz: "ten thousand dollars."

By S. BARTLETT, *his Attorney.*

And now, by agreement of parties, and with the leave of the court here, plaintiff amends the several counts of his declaration by striking therefrom such parts thereof as claim damages for the injury to the ends of his wharves by material deposition near the same, by means of the structure complained of.

The case then went on to trial before Mr. Justice Clifford

and Judge Pitman.   Under the instructions which were given by the court, the jury found a verdict for the defendant, and the plaintiff again brought the case up to this court by a writ of error.

The bill of exception was very long, and included the record of the former case, together with a vast quantity of other matter.   The instruction of the court, admitting this record in evidence, was as follows:

"That the record of the former verdict and judgment is admissible in evidence; but inasmuch as it appears that the verdict was found by the jury under an erroneous instruction given by the court, the judgment is entitled to very little weight upon the question of the right to recover in this case, and none whatever upon the question whether the supposed way or dock before described was duly laid out and established by the town of Boston, or the authorities thereof, pursuant to law, either as a public highway, town way, or public way, for the access of boats and vessels to high water, or the egress therefrom to the sea, as is alleged in the seventh count of the plaintiff's declaration."

*By his Honor Judge Pitman.*

The record above referred to was in a case decided by me upon an agreed statement of facts, which was excluded in this case.   It was therein admitted by the defendant that the place between the said wharves was "an ancient public dock or highway."   This fact, and the case having been submitted to Judge Sprague, and decided by him in favor of the plaintiff before the case was sent to the Rhode Island district, I was disposed to decide the same way, unless I saw it was manifestly erroneous.   It was to be determined under the law of Massachusetts, with which I believed he was much better acquainted than myself.   I did not, therefore, so critically examine the documents in the case, and their legal effect, as I have since done.   Since the decision of the Supreme Court of the United States in the case of Lecraw *v.* City of Boston, I have considered the opinion erroneous which I then delivered, and the judgment as entitled to no weight for that reason as evidence to a jury, and therefore I excluded the judgment

from the consideration of the jury in the former trial. I am now of the opinion that it is entitled to no weight, though it be admissible.

I did not decide that the supposed way was laid out as a way for boats and vessels by the town of Boston or its authorities. I instructed the jury that the plaintiff was entitled to recover upon the sixth count of his declaration, the one on which he rested his case, and they found a verdict accordingly.

JOHN PITMAN,

*District Judge U. S., R. Island District.*

SEPTEMBER 16, 1858.

The case was argued in this court by *Mr. Badger* and *Mr. Carlisle* for the plaintiff in error, and *Mr. Cushing* and *Mr Chandler* for the defendant.

The arguments of the counsel upon the construction of the previous decisions of this court and upon the admissibility of the indictments, (a question reserved in the course of the trial,) and also upon the powers and acts of the town council as far back as 1635, are considered to be so local in their application as to justify the reporter in omitting them.

Mr. Justice GRIER delivered the opinion of the court.

This is the third time in which this claim to have damages from the city of Boston, for erecting drains and sewers on their own land for the preservation of the health of the city, has come before us.

The plaintiff is the owner of two wharves, called Bull's wharf and Price's wharf, running from high-water to low-water mark. The space between these two wharves belongs to the city of Boston, being situated at the foot of Summer street; and as it was but thirty feet wide, it became, by the mere accident of its position, a very convenient dock, or slip, for plaintiff, so long as the city did not see fit to reclaim their land. Formerly, the drains and sewers which ran under Summer street discharged at the end of that street at high-water mark; but, as the city increased, this discharge of drainage

became pestilential, and a nuisance to the neighborhood. To remedy this evil, the city was compelled to extend their drains out to low-water mark, and this is the nuisance complained of in this and the other suits.

The case of Lecraw *v.* Boston (to be found in 17th Howard, 426) first introduced this controversy to this court. Lecraw was tenant of Richardson, and his title consequently the same. It was claimed that the city of Boston, by not wharfing out their land at the end of Summer street, had dedicated it to the public, or rather to the private use of Richardson, to whose wharves it afforded a most convenient dock or slip. This claim was declared by this court to be wholly without foundation; and that "whether it was called 'town dock' or 'public dock,' it would furnish no ground to presume that the city had parted with their right to govern and use it in the manner most beneficial to the citizens."

It is not our purpose to again discuss this question, or again repeat the arguments and principles on which our judgment was founded The correctness of that decision has not been impugned or denied, and it needs no interpretation.

During the pendency of this suit of Lecraw, the tenant, and before its decision in this court, Richardson had brought a suit for damage to his reversion by the same alleged nuisances, and the verdict and judgment being for less than two thousand dollars, the city could not have a writ of error to reverse it, as in the other case. When the present case came on for trial, the decision of this court in the Lecraw case being known, in order, if possible, to avoid the effect of that decision, a new count was added to the declaration, drawn with great ingenuity and subtlety, charging that "there had been A HIGHWAY, *or* TOWN WAY, *or* PUBLIC WAY, *to the sea or low water, duly laid out and established pursuant to law;*" and that the drains made by the city had "caused mud, earth, and other materials, to be thrown and deposited upon and near the said wharves."

The report of our decision on this case will be found in 19th Howard, 263.

We then decided that a former verdict and judgment in an

*Richardson* v. *City of Boston.*

action on the case for continuance of the same nuisance was not conclusive evidence, but is permitted to go to the jury as persuasive evidence. We stated in what cases it ought to have weight, and in what it could have little or none, as where the former verdict was the result of an erroneous instruction on the law by the court.

As the additional count, on which the plaintiff relied, was rather equivocal or ambiguous, as to what was meant by a "highway or town way" to the sea or low-water mark, we decided that public officers of a town have no power to lay out a town way between high water and the channel of a navigable river. A board of pilots may mark by buoys the best channel for vessels in a bay; but this would hardly be called a "town way on the ocean." Indeed, it did not seem to be seriously contended on the argument that the selectmen in 1683 had assumed or intended to extend a street or town way *by water* over the great ocean highway. But as the city of Boston was owner of the soil between high and low-water mark, it had equal right to reclaim the land as other owners; and having done so, a street or "town way" might be established thereon.

The court decided that, if the land was so reclaimed, and a highway laid out on it, the right to use it as a street or highway on land becomes appurtenant to the property of the adjoiners, who might well maintain an action for a nuisance on such street or highway.

The plaintiff had alleged in this count that he had received damage to his wharf by accretions of mud, &c., below low-water mark, and there was some evidence to support the allegation. The court decided that this fact should have been submitted to the jury. It was a question entirely distinct and separate from a claim of right of highway in the dock.

With this history of the antecedents of this case, there can be no difficulty in disposing of the exceptions.

The first exception is to the admission of the bills of indictment against the city. They constituted part of the history of the case, and were referred to in the testimony of the plaintiff, and were, therefore, not wholly irrelevant. They tended

to show "that the conduct of the city," as disclosed by the evi-
lence, *did not* "tend to oppression," as has been charged in
the argument in this court.

The next exception is to the charge of the court in their
instruction, that the former verdict and judgment, though ad-
mitted in evidence, should have little or no weight on the
decision of the case, because it was founded on erroneous in-
structions on the law. This instruction was in exact con-
formity with the ruling of this court. The verdict was on an
agreed statement of facts, not now disputed, on which the
court gave an opinion, since decided by this court to be a mis-
take. Like many other matters given in evidence to support
a case, this verdict was received as not irrelevant, although
the proof on the other side might show it to be worthless.

The last exception is to the charge of the court, "that there
is not any evidence in the case which will authorize the jury
to find that the supposed way or dock between the plaintiff's
wharves, from high to low-water mark, for the free egress and
ingress of boats and vessels to and from the same, as alleged
and described in the seventh count in his declaration, was ever
dedicated by the town or city of Boston to the public use,
either as a public highway, town way, dock, or public way, for
the access of boats and vessels between said wharves to high-
water mark, or the egress therefrom to the sea. That there is
not any evidence in the case which will authorize the jury to
find that the supposed way or dock between the plaintiff's
wharves, from high to low-water mark, for the egress and in-
gress of boats and vessels to and from the same, as alleged
and described in the seventh count in his declaration, was ever
duly laid out and established by the town of Boston, or the
authorities thereof, pursuant to law, either as a public high-
way, town way, or public way, for the access of boats and ves-
sels between said wharves to high-water mark, or the egress
therefrom to the sea."

This instruction is in entire conformity with the previous
decisions of this court on this subject.

There was nothing, in the opinion of this court, which should
subject it to the misconstruction of having decided that a

"*town way*" *for boats and vessels* could be laid out on the high seas, or of imputing to the town officers such an obliquity of understanding as the assumption of such a power would argue; on the contrary, the court decided that the public officers had no such power; but that the city, after it reclaimed the land to high-water mark, might continue Summer street as a highway on land, for a nuisance, to which the plaintiff might sustain an action; and this case was remanded in order to give the plaintiff an opportunity to have the verdict of the jury on this subject; and also for any injury he might have sustained by the drains causing an accumulation of matter at the outer end of the plaintiff's wharves. The record shows that the plaintiff abandoned any claim for damages for either of these causes, and he was, of course, left without any case to be submitted to the jury.

Judgment of the Circuit Court is therefore affirmed, with costs.