## DEBORAH CHURCH v. THE CITY OF DETROIT.

*Constitutional law—Title of amendatory act—Municipal corporations—Liability for injury from defective sidewalks.*

Sections six and seven of Act No. 214, Laws of 1885, amending Act. No. 244, Laws of 1879, being for a different object than that expressed in the title to the act, are void, and the amendments made to the original act by the remaining sections are so intimately connected with such *void* sections as to render the entire amendatory act void.[1]

Error to Wayne. (Jennison, J.) Argued January 7, 1887. Decided January 27, 1887.

Case. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*James H. McDonald,* for appellant.

*Henry M. Duffield,* for defendant.

---

[1] Act No. 264, Laws of 1887, repeals Act 244, Laws of 1879.

CHAMPLIN, J.   Plaintiff brought suit against the city of Detroit to recover damages occasioned by a defective sidewalk on Warren avenue west.

The right of recovery is based upon sections 1442 to 1446 of Howell's Statutes, as amended by Act No. 214 of the Session Laws of 1885, enjoining upon municipal corporations the duty of keeping the sidewalks therein in reasonable repair, and reasonably safe and convenient for public travel. No question is made upon the sufficiency of the declaration in alleging a cause of action in case the statute is legal and valid.   The defendant interposed a general demurrer, which was sustained by the court below, and judgment rendered for defendant.   The plaintiff sued out a writ of error.   The defendant claims that the amendments passed by the Legislature at its session in 1885 are unconstitutional and void, as being an infraction of section 20 of article 4 of the Constitution, which provides:   "No law shall embrace more than one object, which shall be expressed in its title."

The title of Act No. 214 is as follows:

"An act to amend sections 1442, 1443, 1445, and 1446 of Howell's Annotated Statutes, being sections 1, 2, 4, and 5 of Act No. 244 of the Session Laws of 1879, entitled:   'An act for the collection of damages sustained by reason of defective public highways, streets, bridges, cross-walks, and culverts,' so as to make said act cover damages sustained by reason of defective sidewalks."

The only section of Act No. 244 which is not amended by Act No. 214 is section 3, which is not important to be noticed in this discussion.   The amending act comprises seven sections, two of which, sections 6 and 7, are entirely new.   The objection to the amending act is that sections 6 and 7 are not covered by the title, and that they are so necessarily connected with what precedes, and so essentially a part of its scope and purpose, that if they fall the whole amended act must fall with them, which would leave the law to stand as it was before the attempted amendment.

The first three sections are re-enactments of the old law, with the addition of the word "sidewalks," thus making it the duty of municipal corporations to keep its sidewalks in reasonable repair, and reasonably safe and fit for public travel, and creating a liability in favor of a person injured by such neglect of duty.

Section 6 provides that "no township, village, or city in this State shall be liable," etc., except "under and according to the provisions of this act," and abrogates the "common-law liability."

Section 7 limits the amount recoverable to $300 against a municipality of a population of 500 or less; $600 where the population is over 500 and less than 1,000; $1,000 where the population is over 1,000 and less than 2,000; and $1,800 where the population is over 2,000. The population is to be ascertained from the census taken next preceding the commencement of suit. This section also contains a proviso that the owner of the lot abutting the sidewalk on which the injury occurred for which judgment was recovered, and whose duty it is to build and maintain such sidewalk, shall not be liable to the city, village, or township, for or on account of such judgment.

There is nothing said in the title of the act about adding any new sections, and nothing expressed therein relative to abrogating the common-law liability of townships, villages, and cities for or on account of bodily injuries sustained by any person, by reason of neglect to keep in repair highways, cross-walks, etc. So far as section 6 is concerned, it abrogated what this Court had previously held did not exist in this State. But the federal courts took a different view, and held that such liability does exist at common law, and suitors in those courts were allowed to maintain actions therefor. Thus the administration of the law was not uniform. Redress could not be had if the injured party was a citizen of the State; but if he happened to be a citizen of

another state, or an alien, he could obtain redress in a federal court. The object of this section undoubtedly was to abolish the liability at common law of a municipality arising from neglect of duty to keep its streets and highways in repair, and to provide a statutory remedy in the act by which all injured persons should be placed upon the same footing. But this object is not embraced in the title to the act. It is different and independent of the object stated in the title. The one grants a remedy; the other takes away, if valid, a remedy which existed in favor of certain classes of persons.

The seventh section is not embraced in the title of the amended act. That merely amended certain sections of the original act so as to include therein damages sustained by reason of defective sidewalks. This section limits the amount of damages to be recovered, and graduates the recovery, not in proportion to the injury suffered, but to the population which the municipality had at the last preceding census. This section applies, not only to the added subject for which recovery may be had, but to damages allowed to be recovered under the original act. This cannot be done without some indication of such object being expressed in the title.

The two sections which were added, being for a different object than that expressed in the title of the act, are void, as conflicting with that clause of the Constitution above cited. It appears to us quite clear that the amendments made to the original sections so as to include sidewalks were intimately connected with the two sections added, and especially with section 7, and are so dependent upon each other in the scheme to be accomplished,—that is, to create a limited liability against townships, etc., for injuries arising from defective sidewalks,—as to warrant a belief that the Legislature intended them as a whole, and would not have created the liability without the limitation expressed in section 7; and we think, for this reason, the whole amendments to the act must

fall. *Attorney General v. Common Council of Detroit,* 29
Mich. 108; *Warren v. Charlestown,* 2 Gray, 99; *State v.
Commissioners of Perry Co.,* 5 Ohio St. 507; *Slauson v.
Racine,* 13 Wis. 398; *Risser v. Hoyt,* 53 Mich. 185, 194;
Cooley, Const. Lim. 179.

The judgment must be affirmed.

The other Justices concurred.