JACOB LOSCH, ADMINISTRATOR OF THE ESTATE OF SARAH J. LOSCH, DECEASED, v. THE VILLAGE OF ST. CHARLES.

*Constitutional law—Municipal corporations—Injury from defective sidewalk.*

Sections six and seven of Act No. 214, Laws of 1885, amending Act No. 244, Laws of 1879, being for a different object than that expressed in the title to the act, are void, and the amendments made to the original act by the remaining sections are so intimately connected with such *void* sections as to render the entire amendatory act void. [1]

[1] See *Church v. City of Detroit*, 64 Mich. 577.

Error to Saginaw. (Gage, J.) Argued January 26, 1887. Decided April 28, 1887.

Case. Defendant brings error. Reversed. The facts are stated in the opinion.

*Hanchett & Stark*, for appellant.

*Eugene A. Snow* and *William A. Clark*, for plaintiff.

SHERWOOD, J. This is an action brought by the plaintiff against the defendant for personal injuries received by reason of a defective sidewalk.

The declaration recites that on the twenty-sixth of September, 1885, whereas, the sidewalk had become defective, unsafe, and unfit for travel, to the knowledge of the defendant, and it had reasonable time after such knowledge to put the sidewalk in repair, but did not put the same in repair, and negligently suffered said sidewalk to continue unsafe and unfit for travel; by means whereof, on the twenty-sixth of September, while walking on the defective sidewalk, the said Sarah J. Losch "stepped her left foot and leg into a hole in a defective unsafe plank in said sidewalk, and then and thereby was thrown down and injured."

She claims damages for the personal injury received, for being hindered and loss of time in her business and domestic work and duties, for being forced to employ a servant girl to do such work and duties, and for moneys expended for medicine, medical attendance, care, and nursing.

The evidence shows that Mrs. Losch, while walking along the sidewalk in the early evening, got her foot into a hole in the sidewalk, and, while trying to get it out, fell down upon the walk, causing the injury complained of; that this particular defect was unknown to her, though she had frequently passed over the walk.

The plaintiff recovered, and defendant brings error.

The statute under which the plaintiff claims the right to

recover was considered by this Court at the last January term, in *Church v. City of Detroit*, 64 Mich. 571, and was held to be unconstitutional.

No liability existing at common law, the judgment must be reversed, with costs.

The other Justices concurred.