HARRIET COOPER v. THE CITY OF BIG RAPIDS.

*Practice in Supreme Court—Argument of counsel—Claim based on
cause of action not urged below.*

An appellant will not be allowed to shift his position, and claim damages in the Supreme Court for a cause of action not urged in the court below.

So *held*, where it was conceded on the trial that plaintiff's suit was brought under Act No 214, Laws of 1885, for injuries sustained by reason of a defective city sidewalk, and the court directed a verdict for the defendant on the ground that the case made by the declaration was not within said statute; and the plaintiff, on appeal, said statute having been declared unconstitutional since said verdict, claimed that the declaration counted upon an injury occasioned by a defective *street.*

Error to Mecosta.  (Fuller, J.)   Argued November 9, 1887.
Decided November 10, 1887.

Case.   Plaintiff brings error.   Affirmed.   The facts are stated in the opinion.

*Jennings & Mann,* for appellant.

*Austin Herrick,* for defendant.

MORSE, J.   On the twenty-first day of January, 1886, the plaintiff, in walking upon the sidewalk along State street, in the city of Big Rapids, stepped off therefrom into the street, suffering injury thereby.

In her declaration against the city for damages she alleged substantially that the common council of the city, on the second day of November, 1885, adopted a resolution directing the street commissioner to procure suitable scrapers for cleaning snow from sidewalks throughout the city, and to employ such assistance as he might deem necessary to keep such sidewalks clear from snow; that acting under such res-

olution, on the morning of the day the plaintiff was injured, a snow-plow or scraper was used in cleaning the snow off from this particular sidewalk, and that, in so using it, it was not kept on the sidewalk, but was negligently and carelessly allowed by the employés of the city to run on one side of the elevated sidewalk, and therefore made a pathway through the snow which projected and extended beyond and off from the sidewalk and over the street. It appeared to be on the sidewalk, and where the plaintiff stepped off there was nothing to indicate, and she had no reason to suppose, that she was not walking directly on and over the sidewalk. Where she stepped off it was from one and a half to two feet to the ground.

The declaration also alleged that the employés of the city were acting in the course of their duty as. employés and agents of the city in clearing the walk, and that the city had knowledge and notice of the unsafe and unfit condition of the said "pathway, sidewalk, and street," and had reasonable time and opportunity before the accident to place said pathway in a safe condition, but it carelessly and negligently failed to do so, contrary to its duty in the premises.

The duty of the city to "keep in reasonable repair, and in a condition reasonably safe and fit for travel, all public streets and sidewalks in said city," and the street and sidewalk in question, was also averred as being declared under the statutes of this State; and the injury to the plaintiff was alleged to have been occasioned, without fault on her part, by the neglect of the defendant to perform this duty.

The defendant pleaded the general issue.

Upon the trial the counsel for the defendant objected to any evidence being received on behalf of the plaintiff, for the reason that the declaration did not set up any cause of action against the defendant.

It being conceded on both sides, as appears from the record, that the action was brought under Act No. 214 of the Session

Laws of 1885, which by its title was an act amending the law of 1879 "so as to make said act cover damages sustained by reason of defective sidewalks," the circuit judge held that the declaration did not bring the case therein made within this statute, and directed the jury to render a verdict for the defendant.

We have since such trial held this act to be unconstitutional and void. *Church v. Detroit,* 64 Mich. 571; *Losch v. Village of St. Charles,* 65 Id. 555.

Upon bringing the case into this Court by writ of error, the counsel for plaintiff undertakes to claim that his declaration counts upon an injury occasioned by a defective street. Without denying his claim or investigating it, we must affirm the judgment. We cannot allow the plaintiff to shift her position, and claim damages here for a cause of action not urged in the court below. There she planted herself upon an injury occasioned by a defective sidewalk. She cannot now abandon that ground, and gain a new footing in this Court by which she may have standing in the court below to recover upon a new trial in this same action for an injury caused by a street being defective or out of repair.

. The judgment of the lower court will not be disturbed, and the defendant will recover its costs in this Court.

SHERWOOD and CHAMPLIN, JJ., concurred.

CAMPBELL, C. J., did not sit.