Mr. Justice James
delivered the opinion of the Court:
In pursuance of a petition for the opening of an alley through square 762 of this city, and for that purpose, a portion of original lot 12, belonging at that time to one Hitz, was condemned and taken; his damages being found by the jury to be $653.25. Afterwards William Forsyth, surveyor, undertook to assess the benefit tax upon the lots benefitted by the opening of the alley, and charged the remainder of Hitz’s lot with $108.98 as benefit. This, after absorbing Hitz’s claim for damages, left his lot chargeable with $415.73, benefit tax, for which a certificate of indebtedness was issued against his lot.
It appears that a portion of a lot belonging to one McNamara was also condemned and taken for the new alley; that his damages largely exceeded the benefits charged against him, and that the certificate of indebtedness issued against Hitz’s lots — namely, for $415.73 — was given by the District to McNamara in part payment of the damages due him. McNamara, being indebted to the defendant Sheck *539 els, transferred to the latter the certificate as collateral security.
Meantime, in July, 1873, the complainant had purchased a portion of Hitz’s lot, without any knowledge of the proceedings to charge it with a lien for this alleged indebtedness and paying the full value without any deduction for such lien.
On McNamara’s failure to pay his debt to Sheckels, the latter sought to enforce his collateral, and demanded, in am cordance with the ordinary course in such cases, a sale of the premises in satisfaction of the alleged lien.
It appears that, in pursuance of certain proceedings which it has not been considered necessary to state here, a part of this alleged indebtedness had been paid by Hitz, and the sums thus paid turned over to Sheckels, leaving a balance of $266.44 of said alleged indebtedness unpaid. It is for this balance that Sheckels demanded a sale.
We find that the proceedings for condemnation and the ascertainment of damages were regular, but that the subsequent proceedings for the assessment of benefits were not merely irregular, but wholly without authority. It follows that no benefit-tax has ever been assessed, and that the certificate of indebtedness delivered to McNamara in payment of his damages, and now held by the complainant, is inoperative and does not constitute a lien upon any part of the Hitz lot. The Equity Court was, therefore, right in enjoining a sale of the complainant’s lot in satisfaction of this certificate lien. In that case Sheckels claims that he is entitled to recover from his co-defendant, the District, the amount of damages to McNamara remaining unpaid.
We are of opinion that the transfer of this certificate by McNamara necessarily imported an assignment of his claim for damages, in respect to which that certificate had been given to him. He could not retain and enforce that claim at'the same time that the certificate was enforced by his assignee. If he lost that right by the assignment of the certificate he lost it by parting with it to his assignee. In *540 equity, therefore, we must hold that Sheckels became as' signee of McNamara’s claim against the District for damages suffered by the taking of his property for public uses.
The only remaining question, then, is whether Sheckels may have a decree in this case against his co-defendant, the District, for the unpaid balance of the damages. It is objected that such relief should besought by a new bill or by a cross-bill.
It cannot be said that it merely happened to appear in the course of the proceedings that these defendants had a matter of their own in dispute. The equities between these defendants were necessarily disclosed in the development of the complainant’s case. The District, through its officer, the tax collector, was about to sell the complainants land for the satisfaction of some claim of its co-defendant. As the District had given their certificate as a payment of the condemnation damages, such sale would have been in substance an attempt to effect a payment of these damages. Thereupon the court arrests the hand of the District. Clearly it is competent, and it is according to good chancery practice, to decree at once that instead of paying its debt for these damages in that way, it must pay them directly to the party entitled to them. Indeed, it would be inexcusable to require the party in such a case to take the expensive and wasteful course of filing a new bill or proceeding bj7 cross-bill. When all the equities of the parties are thus brought before the court in the developement of the original case, they should be disposed of without further delay. Such an immediate decree between co-defendants is according to the highest precedents. Roone vs. Chiles, 10 Peters, 229; Pratt vs. Oliver, 3 McL., 31, affirmed by Supreme Court in Oliver vs. Pratt., 3 How., 333.
On the same principle we think it proper to decree, in behalf of the District, that on payment of these damages, the condemnation shall stand as perfect.
The decree will be so modified.