## CITY OF NORTH MUSKEGON v. CLARK.

(Circuit Court of Appeals, Sixth Circuit. June 5, 1894.)

### No. 176.

1. RES JUDICATA—JUDGMENT ON DEMURRER.
    Judgment rendered against a plaintiff on demurrer to his declaration, because it does not aver a fact essential to a recovery, is no bar to a second suit by him on the same cause of action, wherein the declaration, in stating the cause of action, avers the essential fact previously omitted. Goodrich v. Chicago, 5 Wall. 556, and Alley v. Nott, 4 Sup. Ct. 495, 111 U. S. 472, distinguished.

2. ABATEMENT—FORMER ACTION PENDING—FAILURE TO PLEAD.
    Pendency of a former suit for the same cause of action can be availed of as a defense only by plea in abatement.

3. SAME—STATE AND FEDERAL COURTS.
    Pendency of the same action in a state court is not a good plea, even in abatement, in a federal court, though it has concurrent territorial jurisdiction with the state court.

In Error to the Circuit Court of the United States for the Western District of Michigan, Southern Division.

This was an action by Bridget Clark against the city of North Muskegon for personal injuries. The jury found for plaintiff, and judgment for plaintiff was entered on the verdict. Defendant brought error.

This writ of error brought into review the judgment of the circuit court for the western district of Michigan. Bridget Clark, the plaintiff below, a citizen of the state of New York, filed her declaration setting forth a plea of trespass on the case against the city of North Muskegon, a municipal cor-

poration existing under the laws of Michigan, which, since the acts complained of, had ceased to be a village, and had become a city. The declaration averred that the corporate authority of the village extended over divers public ways, highways, and streets, and especially over a certain public highway or street known as Maple street, and over the bridges, sidewalks, crosswalks, and culverts on the same; that the said Maple street, for more than 10 years before the committing of the grievance in the declaration thereinafter set forth, had been, and was at the time of the filing of the declaration, a public highway and street of the village, and open to public travel; that it was the duty of the village, by reason of Act No. 264 of the Public Acts of the State of Michigan, passed at the regular session of 1887, and approved June 27, 1887, to keep and maintain the sidewalk upon said street in reasonable repair, so that it should be reasonably safe for public travel; that, in violation of this duty, the village, at a point on the street in front of the premises of one Misner, carelessly and negligently permitted the said walk to become greatly out of repair, and the boards or planks to become so loose that it was in a dangerous condition for persons to pass and repass upon it, of all of which the village had had notice for a year preceding the 8th day of October, 1890, upon which day the plaintiff, while proceeding along the sidewalk of said Maple street with due care and caution, was tripped by the loose planks or boards in said sidewalk, was thrown to the ground with force and violence, and the bones of her left ankle and leg were broken. For this injury she asked damages.

The defendant pleaded the general issue, and in its bill of particulars gave notice that it would give in evidence the fact that the plaintiff had sued the defendant, under its then corporate name of the village of Muskegon, in the circuit court of the county of Muskegon, in the state of Michigan, in a certain plea of trespass on the case for committing the same supposed wrongs and injuries (if any such there were) in the plaintiff's declaration mentioned; that thereafter the defendant demurred to the declaration, and, the issue coming on to be tried, the court adjudged that the matters contained in the declaration were not sufficient in law for the plaintiff to have the action against the defendant, and sustained the demurrer; that the court ordered that, upon payment by the plaintiff to defendant of $10 as attorney's fee, within 20 days thereafter, the plaintiff might have leave to file an amended declaration, to which the defendant should plead, within the rules of practice of the court, but otherwise it was considered by the court that the plaintiff should take nothing by her declaration, and that the defendant should recover, against the plaintiff, its costs, and have execution therefor; that the plaintiff did not file an amended declaration, and did not pay the attorney's fee required, and that the judgment of the circuit court for the county of Muskegon against the plaintiff, and in favor of the defendant, remained in full force and effect, unreversed.

No. 264 of the Public Acts of Michigan for 1887 imposes a liability upon townships, villages, cities, and other municipal corporations for bodily injury sustained by any person by reason of the neglect of such municipal corporation to keep in repair its public highways, streets, bridges, sidewalks, crosswalks, and culverts, when the same are open to public travel, and the municipal corporation has had reasonable time and opportunity, after knowledge that such highway, street, bridge, sidewalk, crosswalk, or culvert is unsafe or unfit for travel, and has not used reasonable diligence thereafter in putting the same in repair. The fourth section limits the application of the law to highways in certain corporations which have been in use 10 years or more.

The declaration in the circuit court of the county of Muskegon set out exactly the same cause of action as the declaration herein, except that it did not allege, what the declaration herein does allege, that Maple street was a street which had been in use for 10 years, and was open to public travel. It appeared from the bill of exceptions that, after the demurrer was sustained, and judgment given for the defendant, a writ of error was sued out, and the case carried for review to the supreme court of the state; that there the judgment of the state circuit court was affirmed, and leave was given to the plaintiff to file an amended declaration, but the plaintiff never did so; that subsequently, and after suit was brought in the court below, a stipulation to discontinue the suit, signed by the attorneys, was filed in the state court.

The supreme court of Michigan, in its decision in this case, reported in 88 Mich. 308, 50 N. W. 254, affirmed the judgment of the state circuit court only because the declaration did not aver either that the sidewalk upon Maple street was open to public travel at the time of the accident, or that the street had been in use as a highway for 10 years. In the case of Fuller v. City of Jackson, 92 Mich. 197, 52 N. W. 1075, the supreme court of the state decided that the proviso in the fourth section of the statute of 1887, with respect to 10 years' use of the street, applied only to highways in townships, and not to highways in villages and cities, and to this extent the decision in Clark v. Village of North Muskegon, 88 Mich. 308, 50 N. W. 254, was overruled.

The circuit court held that the judgment in the state court was no bar to a recovery in this action, and upon a trial a judgment and verdict for plaintiff was rendered in the sum of $2,500.

The only assignments of error relate to the ruling of the court with reference to the effect of the action in the state court and the judgment therein.

Boyd & Sullivan, for plaintiff in error.
R. J. Macdonald, for defendant in error.

Before TAFT and LURTON, Circuit Judges.

TAFT, Circuit Judge, after stating the case as above, delivered the opinion of the court.

By the common law of Michigan, municipal corporations are not liable for injuries to a traveler caused by the defective condition of the streets within their borders. Detroit v. Osborne, 135 U. S. 492, 10 Sup. Ct. 1012; Detroit v. Blackeby, 21 Mich. 84; Detroit v. Putnam, 45 Mich. 263, 7 N. W. 815; Church v. City of Detroit, 64 Mich. 571, 31 N. W. 447. The right of the plaintiff below to recover for her injuries against the village or city rested wholly upon the act of 1887, and a good declaration ought to have set out the conditions precedent to a recovery mentioned in the statute. The declaration in the state court was bad for not averring that the street or sidewalk upon which the accident occurred was open for public travel. The declaration in the court below contained such an averment. The question presented, therefore, is whether a judgment rendered against a plaintiff on demurrer to his declaration, because it does not aver a fact essential to a recovery, estops the plaintiff from recovering on the same cause of action in a second suit, wherein the declaration, in stating the cause of action, does aver the essential fact previously omitted. We are clearly of the opinion that the first judgment is no bar to a recovery in a second suit.

A demurrer to a declaration is an admission by the defendant that the facts stated in the declaration are true, and a submission to the court of the question whether, on those facts, the plaintiff is entitled to recover. If the demurrer is sustained, the decision of the court is one of law, namely, that, on the facts stated in the declaration, the plaintiff is not entitled to recover, and, if judgment goes upon the demurrer, the only issue which has been finally determined between the parties is this one of law. Such a judgment only estops the plaintiff from raising, in a second suit, the same question of law in the prosecution of the same cause of action. It does not prevent him from prosecuting, a second time, the same cause of action, provided he can and does allege, in his

declaration, additional facts, so that its legal sufficiency to sustain a recovery does not depend on the question of law upon which the demurrer in the first case turned. A leading case establishing this principle is Gould v. Railroad Co., 91 U. S. 526, 533. Upon page 533, Mr. Justice Clifford, delivering the opinion of the court, said:

"From these suggestions and authorities, two propositions may be deduced, each of which has more or less application to certain views of the case before the court: (1) That a judgment rendered upon demurrer to the declaration, or to a material pleading, setting forth the facts, is equally conclusive of the matters confessed by the demurrer as a verdict finding the same facts would be, since the matters in controversy are established in the former case, as well as in the latter, by matter of record; and the rule is that facts thus established can never after be contested between the same parties, or those in privity with them. (2) That if judgment is rendered for the defendant on demurrer to the declaration, or to a material pleading in chief, the plaintiff can never after maintain against the same defendant, or his privies, any similar or concurrent action for the same cause upon the same grounds as were disclosed in the first declaration, for the reason that the judgment upon such a demurrer determines the merits of the cause, and a final judgment deciding the right must put an end to the dispute, else the litigation would be endless. Rex v. Kingston, 20 State Tr. 588; Hitchin v. Campbell, 2 W. Bl. 831; Clearwater v. Meredith, 1 Wall. 43; Gould, Pl. § 42; Ricardo v. Garcias, 12 Clark & F. 400. Support to those propositions is found everywhere; but it is equally well settled that if the plaintiff fails on demurrer, in his first action, from the omission of an essential allegation in his declaration, which is fully supplied in the second suit, the judgment in the first suit is no bar to the second, although the respective actions are instituted to enforce the same right; for the reason that the merits of the cause, as disclosed in the second declaration, were not heard and decided in the first action. Aurora City v. West, 7 Wall. 90; Gilman v. Rives, 10 Pet. 298; Richardson v. Boston, 24 How. 188."

In Gilman v. Rives, 10 Pet. 297, 302, it was held that "a judgment that a declaration is bad in substance can never be pleaded in bar to a good declaration for the same cause of action." See, also, Terry v. Hammond, 47 Cal. 32; Gerrish v. Pratt, 6 Minn. 61 (Gil. 14); Wilbur v. Gilmore, 21 Pick. 250; Carmony v. Hoober, 5 Pa. St. 307; Rodman v. Railway Co., 59 Mich. 398, 26 N. W. 651; Stevens v. Dunbar, 1 Blackf. 55, 56; Birch v. Funk, 2 Metc. (Ky.) 544; Railway Co. v. Brown, 23 Fla. 104, 1 South. 512; Moore v. Dunn, 41 Ohio St. 62; Freem. Judgm. § 267; Herm. Estop. § 273.

The case of Goodrich v. Chicago, 5 Wall. 566, is much relied upon by counsel for the plaintiff in error, but it is entirely consistent with the cases above cited, and does not aid him. The case was a libel in admiralty against the city of Chicago by the owner of a steam vessel which had been sunk by a collision with certain obstructions in the harbor of the city. The answer of the city set up, in bar of recovery on the libel, a former adjudication in a state court in Illinois, in which the libelant, as complainant in a common-law action against the city, had filed a declaration setting out the same facts as those averred in the libel. In the state court, the city had demurred to the declaration on the ground that, under the statute relied upon, the city owed no duty to the plaintiff. The demurrer was sustained, and judgment was given on demurrer for the city. The supreme court of Illinois affirmed

this judgment. 20 Ill. 445. The supreme court of the United States held that the plea of the former adjudication was a good bar to recovery, because the facts stated in the libel raised exactly the same point of law which had been decided against the libelant when complainant in the state court, and this concluded him upon that point of law, with respect to that cause of action. If the libelant in the admiralty case had set forth, in his libel, additional facts which made the question of its legal sufficiency a different question from that presented to the state court on demurrer to the declaration, the result would necessarily have been different.

The case of Alley v. Nott, 111 U. S. 472, 4 Sup. Ct. 495, has no application whatever to the point here under discussion. The question in that case was whether a hearing on a general demurrer to a complaint, under the Code of New York, was a "trial" of the cause, within section 3 of the act of March 3, 1875, providing that plaintiffs and defendants entitled to remove any suit from a state court to the circuit court of the United States could do so by filing a petition for such removal "before or at the term at which said cause could be first tried and before the trial thereof;" and it was held that such a hearing was a trial, because it would finally dispose of the case stated in the complaint on its merits, unless leave to amend or plead over was granted. But there was nothing in that case which called upon the court to decide that a judgment upon such a demurrer would estop the bringing of a second suit on the same cause of action when additional facts were averred, raising a different question of law. The case did not present the question of former adjudication, and is not an authority in respect to it. It only involved a construction of the removal statute of 1875, and the meaning of the word "trial."

There is a second assignment of error made by the plaintiff in error, in that the court below held that the pendency of the suit in the state court was not a bar to the suit in the federal court. The assignment of error cannot be sustained, for two reasons: First, because the pendency of the former suit is to be availed of as a defense by plea in abatement; and, second, because, even as a plea in abatement, the pendency of the same action in the state court is not a good plea in a federal court, though it has concurrent territorial jurisdiction with the state court. Gordon v. Gilfoil, 99 U. S. 168.

The judgment of the court below is affirmed, with costs.