## MILLER et al. v. MARGERIE.

(Circuit Court of Appeals, Ninth Circuit. May 28, 1909.)

### No. 1,692.

JUDGMENT (§ 570*)—JUDGMENTS OPERATIVE AS BAR—JUDGMENT ON DEMURRER —DEFECTIVE PLEADING.

A decree dismissing a suit in equity on demurrer on the ground that the bill failed to allege essential facts is not one on the merits, and cannot be pleaded in bar to the cause of action stated by an amended bill, which supplies such omissions.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1028–1045; Dec. Dig. § 570.*]

Appeal from the District Court of the United States for Division No. 1 of the District of Alaska.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

E. M. Barnes, for appellants.
Malony & Cobb, for appellee.

Before GILBERT and ROSS, Circuit Judges, and HUNT, District Judge.

HUNT, District Judge. In 1906 complainants instituted an action in equity in the District Court of Alaska, wherein they prayed for a decree adjudging defendant to hold lot 4, block B, of the town of Juneau, in trust for complainants. General relief was also asked. The bill alleged that a trustee of the town site of Juneau was duly appointed under the provisions of an act of Congress approved March 3, 1891 (26 Stat. 1099, c. 561, § 11), entitled "An act to repeal timber culture laws and for other purposes." U. S. Comp. St. 1901, p. 1467. It also alleged that exclusive possession of the lot was in complainants and their grantors from 1885 until a time thereinafter named in the bill, and that in May, 1903, "defendant falsely and fraudulently, and without intent to impose upon said trustee," represented to him "that he, the defendant, and his grantors were the owners of, and in possession of, and entitled to the possession of, said lot on the 13th day of October, 1903, ever since had been and then were such owners, and were at all times in the possession of said lot; that said trustee did on the ——— day of May, 1903, at his office in Juneau, Alaska, actually hear and determine on said false statements as aforesaid the said questions of said occupancy and ownership of said lot," and acting under the belief that such statements so made were true made a deed of the lot involved to defendant. Complainants then set up that neither of the complainants "had any knowledge of said hearing, or any opportunity to learn of said hearing, or any opportunity to deny said false statements, or any part thereof, or to prove said statements, or any part thereof, false, at any time or place."

Defendant demurred generally, setting forth that the bill failed to show how or by what means complainants were prevented from having knowledge of the hearing before the trustee of the town site, and that it failed to show that such want of knowledge or opportunity to be heard before the trustee was induced or caused by defendant. The trial court sustained the demurrer and rendered judgment, dismissing the action. Complainants appealed, and the decree was affirmed. Miller et al. v. Margerie, 149 Fed. 694, 79 C. C. A. 382. In a discussion of the bill, Judge De Haven cited the section of the Act of Congress referred to, and which relates to the disposition of lots by a town site trustee in Alaska, and said:

"There is no allegation in the bill that the trustee failed to give the notice required by the regulations of the Secretary of the Interior, or, if such notice was given, that the failure of the complainants to be informed thereof and to appear before the trustee with their proofs was the result of fraudulent conduct upon the part of the defendant, or of some accidental cause which would be recognized by a court of equity as sufficient ground upon which to hold that they ought not to be concluded by the action of the trustee in conveying the lot in controversy to defendant. The demurrer directed specific attention to these defects in the bill, and was properly sustained. It is not sufficient to allege generally that the complainants did not have knowledge of the hearing before the trustee, or opportunity to

prove that the representations made by the defendant to the trustee in obtaining the legal title to the lot described in the bill were false; but the particular facts and circumstances which prevented them from having notice of the proceedings and opportunity to protect their rights should be set out in the bill, so as to enable the court to determine from the facts so alleged whether the complainants show themselves to have been prevented by fraud or accident from appearing before the trustee and establishing their right to acquire title to the lot which is the subject of controversy in this action."

Complainants thereafter filed an amended bill in the lower court, seeking to cure the omissions in the original bill and to meet the views expressed by this court. To the amended bill defendant filed his answer, pleading, among other defenses, res judicata, setting up the former judgment of the court upon the demurrer. Complainants then demurred to that part of the answer containing the plea of res judicata. The District Court overruled the demurrer and gave complainants 10 days to reply. Complainants elected to stand upon the demurrer, whereupon judgment of dismissal was entered against complainants. Complainants have appealed, and argue that the lower court erred in sustaining the plea of res judicata.

The former decision of this court was confined to the question of the sufficiency of the complainants' bill. It was not held as a matter of law that, if there had been no notice at all given by the trustee of a time when he would hear and determine the respective claims of complainants and defendant to the lot in question, as was required by the regulations of the Secretary of the Interior (12 Land Dec. Dep. Int. 583), and that if failure to give such notice was the result of acts amounting to deception and fraudulent conduct upon the part of defendant, and that if complainants in fact never knew of the claims of the defendant, and because of lack of any knowledge and notice of any claim to the lots by defendant had no opportunity to prove that certain representations of fact which were made by the defendant to the trustee were false, and were made with intention to deceive the trustee of the town site and to defraud complainants of their rights to the lot involved, and did deceive him and did injure complainants, and that but for such fraud and deception and for lack of knowledge and opportunity to be heard the trustee would not have made a deed to complainants to the lot, there could be no recovery against defendant.

These are the matters, however, which complainants now set forth, in addition to all that was pleaded in the former bill. They now allege that defendant's representations of continuous possession on and after October, 1893, not only were wholly false, and were made to impose upon the trustee and to induce him to make a deed, but that they were wrongfully made to withhold from these complainants any knowledge of the hearing required to be had by law of the claim of defendant to the property. It is also expressly averred that the trustee fixed no time or place for hearing any claims of either of plaintiffs or defendant to said lot, that he gave no notice whatsoever, gave no opportunity to plaintiffs, or either of them, to present their interest in and to said lot, or any part thereof, in accordance with any principle of law or equity applicable to said case or hearing, or at all, observed no rules whatsoever for contests before registers and receivers of the local land

offices, printed or published no notice, whatsoever, all owing to the false and fraudulent statements of this defendant.

The further plea is that the trustee heard and determined the matter upon the alleged false and fraudulent statements made by defendant, and that neither of the complainants, by reason of the matters set forth, had any knowledge of the hearing or any opportunity to deny or to prove at any time or place the falsity of the alleged statements of the defendant, and that plaintiffs had no knowledge of any claim whatsoever by defendant to the lot in controversy until after the trustee had issued patent therefor. It is also pleaded that at all times mentioned in the bill, the evidences of complainants and their grantors' titles were duly recorded in the United States commissioner's (ex officio recorder's) office at Juneau, and that therefore the trustee "at all the times of said claim to said lots being so made by said defendant well knew of plaintiffs' claim thereto, and that plaintiffs and defendant each claimed said lot," and that defendant solely by the alleged false and fraudulent statements obtained title to the said lot.

Considering these averments, the bill filed in the present suit fairly supplies the principal defects in the original bill, and the lower court ought to have sustained the demurrer to the plea of res judicata. While a judgment upon a demurrer may be and often is a judgment on the merits, and is wholly conclusive, yet, as we have seen, the former judgment herein did not go to the real merits of the question that complainants tried to present. They failed only because their pleading did not allege all essential facts. Analogy is found between such a defective pleading and a case where there has been a judgment of nonsuit. A party may go to trial and establish some facts, but does not establish all that are necessary to make a prima facie case. Nonsuit is granted. A new action is begun by a complaint that is good. Defendant cannot plead the judgment of nonsuit as a bar to the second action, for the decision on the first trial has gone no farther than to hold that the plaintiff failed to prove some one or more facts essential to his recovery. So in a judgment rendered as a consequence of sustaining a demurrer, where there has been an insufficient pleading as in the present case, complainant may supply the omissions of his bill by a good pleading, just as plaintiff was permitted to make sufficient proof where he had failed before. Freeman on Judgments, § 267; Black on Judgments, § 707.

In Gilman v. Rives, 35 U. S. 298, 9 L. Ed. 432, the Supreme Court, through Justice Story, held that:

"A judgment that a declaration is bad in substance (which alone, and not matter of form is the ground of a general demurrer) can never be pleaded as a bar to a good declaration for the same cause of action. The judgment is in no just sense a judgment upon the merits."

In Gould v. Evansville, etc., R. R. Co., 91 U. S. 526, 23 L. Ed. 416, the Supreme Court deduced these rules from the authorities:

"(1) That a judgment rendered upon demurrer to the declaration, or to a material pleading, setting forth the facts, is equally conclusive of the matters confessed by the demurrer as a verdict finding the same facts would be, since the matters in controversy are established in the former case, as well as in the latter, by matter of record, and the rule is that facts thus

established can never after be contested between the same parties or those in privity with them. (2) That if judgment is rendered for the defendant on demurrer to the declaration, or to a material pleading in chief, the plaintiff can never after maintain against the same defendant, or his privies, any similar or concurrent action for the same cause upon the same grounds as were disclosed in the first declaration, for the reason that the judgment upon such a demurrer determines the merits of the cause, and a final judgment deciding the right must put an end to the dispute, else the litigation would be endless. Rex v. Kingston, 20 State Trials, 588; Hutchin v. Campbell, 2 W. Bl. 831; Clearwater v. Meredith, 1 Wall. 43, 17 L. Ed. 604; Gould on Plead. § 42; Ricardo v. Garcias, 12 Cl. & Fin. 400. Support to those propositions is found everywhere; but it is equally well settled that, if the plaintiff fails on demurrer in his first action from the omission of an essential allegation in his declaration which is fully supplied in the second suit, the judgment in the first suit is no bar to the second, although the respective actions were instituted to enforce the same right, for the reason that the merits of the case, as disclosed in the second declaration, were not heard and decided in the first action. Aurora City v. West, 7 Wall. 90, 19 L. Ed. 42; Gilman v. Rives, 10 Pet. 298, 9 L. Ed. 432; Richardson v. Barton, 24 How. 188, 16 L. Ed. 625."

In Cromwell v. County of Sac, 94 U. S. 351–364, 24 L. Ed. 195, it was said:

"Allegations of an essential character may be omitted in the first declaration and be supplied in the second, in which event the judgment on demurrer in the first suit is not a bar to the second, for the reason that the merits of the cause as disclosed in the second declaration were not heard and decided in the first action. Gilman v. Rives, 10 Pet. 298, 9 L. Ed. 432; Richardson v. Barton, 24 How. 188, 16 L. Ed. 625; Aurora City v. West, 7 Wall. 90, 19 L. Ed. 42." Bissell v. Spring Valley Township, 124 U. S. 225, 8 Sup. Ct. 495, 31 L. Ed. 411; City of North Muskegon v. Clark, 62 Fed. 694, 10 C. C. A. 591; Spicer v. United States, 5 Ct. Cl. 34; O'Hara v. Parker, 27 Or. 156, 39 Pac. 1004.

In Alabama, etc., Ry. Co. v. McCerren, 75 Miss. 687, 23 South. 423, 876, where plaintiff sued in tort, it was contended that a plea of res judicata would lie where plaintiff after declining to amend her complaint, and after appeal to the Supreme Court of the state, sought to prosecute her amended complaint for the same injury; but the court well said:

"There is no merit whatever in this contention, for it is, in effect, this, viz.: That no one can appeal from the judgment of an inferior court upon the insufficiency of a pleading to this court without being held subject to the penalty of having awarded against him final judgment, if the insufficiency of the pleading shall be affirmed by us. We do not so understand the law. In our opinion, one may appeal from an unfavorable judgment on his pleading, and the risk taken is that of having a cost bill to pay, and not that of having final judgment upon the merits of the controversy ineffectually sought to be presented by a bad plea pronounced against him, if the appellate court shall concur in the unfavorable judgment appealed from."

Tested by the principles upheld in the authorities cited, which are not in conflict with Lindsley v. Union Silver Star Mining Co., 115 Fed. 46, 52 C. C. A. 640, our conclusion is that the matter put directly in issue now is not the same that was put in issue in the former suit, and that the merits of the controversy as disclosed in the last bill were not considered or decided in the first case. It follows that, inasmuch as the judgment pleaded was not a bar to this suit, the court erred in entering judgment for the defendant.

The judgment is reversed, and the cause is remanded to the District Court for the District of Alaska, Division No. 1, with directions to proceed in accordance with the views herein expressed.