### TREAT et al. v. ELLIS.

(Circuit Court of Appeals, Ninth Circuit. October 14, 1918.)

No. 3082.

JUDGMENT ☞586(2)—RES JUDICATA—ISSUES NOT DETERMINED.

Decree in a suit for specific performance of a contract for mining property, which relief was denied, *held* not a bar to a second suit for the same relief, but based on a different contract.

Appeal from the District Court of the United States for the Third Division of the Territory of Alaska; Fred M. Brown, Judge.

Suit in equity by George C. Treat and others against H. E. Ellis. Decree for defendant, and complainants appeal. Reversed and remanded, with directions.

In May, 1915, Treat and the others, appellants here, began suit against Ellis, appellee here, for specific performance of a contract made July 9, 1908. Upon issues framed the District Court adjudged Treat to be the owner of and entitled to the immediate possession of an undivided one-tenth interest to certain mining property, and that Smith and Archibald, to whom Smith had transferred a one-half interest, were each the owner of and entitled to the immediate possession of an undivided one-twentieth interest, and required the appellant therein to convey said interests to the respective appellees in that case. Ellis appealed, and it was held by this court that the lower court erred in treating the contract involved as one to convey an interest in real estate, and not one to transfer personal property. It was also decided that, under the allegations of the bill and the prayer for such ,other and further relief as might be just and equitable, Treat and the other appellees were not entitled to a decree for the specific performance of the contract which they pleaded. Full report of the case will be found in Ellis v. Treat, 236 Fed. 120, 149 C. C. A. 330.

Thereafter, in February, 1917, Treat and Smith and Archibald, appellants herein, commenced the present action to enforce the specific performance of

a contract to convey an undivided one-fifth interest in the mining claims described in the former action. The appellee herein, Ellis, among other defenses, set up res judicata. Appellants herein replied, putting in issue all of the new matter set forth in the answer, except the records of the former suit and the identity of the parties in the two causes. Ellis moved to dismiss the action, on the ground that the plea of res judicata was not fully denied by the reply. The lower court sustained the motion, on the ground that the plea of res judicata was well taken, and dismissed the suit. Treat and Smith and Archibald appeal.

Lyons & Orton, of Seattle, Wash., Donohoe & Diamond, of Valdez, Alaska, and Smith, Chester, Brown & Worthington, of Seattle, Wash., for appellants.

L. V. Ray, of Seward, Alaska, for appellee.

Before GILBERT and HUNT, Circuit Judges, and WOLVERTON, District Judge.

HUNT, Circuit Judge (after stating the facts as above). Adherence to the decision in Ellis v. Treat, supra, makes the determination of the present suit comparatively simple. In the former suit plaintiff sought to enforce a contract concerning personal property; whereas, by this suit plaintiffs seek to enforce a contract concerning real estate. The opinion of the court in the former suit was that the allegations of the complaint failed to show that Ellis, the appellant therein, ever promised or agreed to convey to the appellees therein, Treat and Smith, any interest in the mining claims, but did agree to convey to a corporation thereafter to be formed eight mining claims, in consideration of all the stock of the corporation, and thereafter to transfer to Treat and Smith a certain per cent. of the stock. Specific performance was denied.

The remaining question considered was "whether, under the allegations of the bill and the prayer for such other and further relief as may be just and equitable, the appellees are entitled to a decree for the specific performance of the contract which they pleaded"; and it was held that such relief should be denied for these reasons: That the contract as pleaded was too indefinite and uncertain; that the appellees, Treat and others, had never performed the covenants which were to be kept, and offered no sufficient reason for nonperformance; and that the contract, even if specific, called for participation by others not parties to the contract or suit.

The present case is as if there never had been an issue tried and adjudicated as to the rights of the parties to a conveyance of an interest in the mining property described in the contract. Now, however, the plaintiffs herein have made averments which fairly state such a cause of action, and we think that the District Court erred in ruling that the judgment in the former case operated as conclusively settling the matter.

The principle which controls is the familiar one, elaborately discussed in Cromwell v. Sac County, 94 U. S. 351, 24 L. Ed. 195, that, where the second action between the same parties is upon a different demand, the judgment in the former suit operates as an estoppel only as to those matters which were in issue, or those controverted

points upon the decision of which the finding was rendered. The Supreme Court also said:

"In all cases, therefore, where it is sought to apply the estoppel of a judgment rendered upon one cause of action to matters arising in a suit upon a different cause of action, the inquiry must always be as to the point or question actually litigated and determined in the original action, not what might have been thus litigated and determined. Only upon such matters is the judgment conclusive in another action."

See McNamara v. Home Land & Cattle Co., 121 Fed. 797, 58 C. C. A. 245; Miller v. Margerie, 170 Fed. 710, 96 C. C. A. 30.

The decree is reversed, and the cause is remanded, with directions to proceed in accordance with the views herein expressed.

Reversed.