HENRY S. RODMAN v. THE MICHIGAN CENTRAL RAILROAD COMPANY.

*General demurrer—When judgment sustaining, not a bar to second suit.*

A judgment sustaining a general demurrer to a declaration, on the ground that it fails to state a cause of action, is not a bar to a second suit founded upon the same transaction, if the new declaration states a cause of action. The merits of plaintiff's case cannot be said to have been adjudicated when his declaration fails to state a case or any merits.

Error to Superior Court of Detroit. (Chipman, J.) Argued January 12, 1886. Decided January 27, 1886.

Case. Defendant brings error. Affirmed.

The facts are stated in the opinions and points made in brief of defendant's counsel, and in 55 Mich. 57.

*Henry Russell,* for appellant:

The issue sought to be tried in this case is *res adjudicata.* A judgment has been rendered which is still in force, upon the merits, upon the same cause of action, and between the same parties. Defendant demurred, generally, to the declaration in that suit, the demurrer was sustained, plaintiff was given leave to amend, declined so to do, insisting that he had made out a case, whereupon final judgment was rendered for defendant and affirmed in this Court: *Rodman v. M. C. R. R. Co.,* 55 Mich. 57; the plaintiff again sues in the same court, upon the same cause of action, his declaration containing as did the other, but one count. No other or different facts, making out any other or different cause of action are contained in this declaration. The changes consist only in the explanation of facts set out in former declaration. The changes are as follows:

In the first declaration the averment is: "that the engineer and fireman left their respective posts, for some purpose *unknown* to the plaintiff." In the new declaration it is averred, "for a few moments to get a lunch, the work not being pressing."

The first declaration avers " that the conductor ordered the plaintiff to make a coupling of the car, etc.," and the new declaration says, "that the conductor, without any just reason or cause, unlawfully ordered the plaintiff to make a coupling of the car, etc."

In the first declaration it is averred "that the conductor himself undertook and attempted to fill the place of the said engineer," while the averment in the new declaration is " that the said conductor himself, although utterly unfit and incompetent, undertook and attempted, without any just cause or reason therefor justifying his action, to fill the place of the said engineer, etc." The following additional averment is inserted in the new declaration:

"And the plaintiff avers that there existed no exigency or emergency calling on the conductor to undertake the said duties of the said engineer, and to compel the said plaintiff to do the work of coupling, under the circumstances, and that if it had been necessary to remove the engine at all, the engineer and fireman could have been recalled to their posts at a moment's notice, and there existed no necessity or call whatever for the said conductor undertaking the work of said engineer for a single moment of time."

In the former declaration the pleader says : " Compelling plaintiff to take the said risk, as aforesaid," and in the new declaration the allegation is " compelling plaintiff to take the said unusual and extraordinary risk, as aforesaid, without any reason therefor, except the whim and caprice of the conductor."

These are the only changes; in other respects the two declarations are precisely the same. [See 55 Mich. pp. 60 and 61 for copy of first declaration. The changes are given in Mr. Russell's brief. REPORTER.]

This case is not within the line of decisions holding that a former judgment, rendered upon the insufficiency of the declaration, and not upon the merits, is not a bar. The following are some of such cases : *Gilman v. Rives*, 10 Pet. 298; Gould's Pleadings, p. 478, § 45; Freeman on Judgments, § 267, and cases cited : *Birch v. Funk*, 2 Metc. (Ky.) 547 ; *Wilbur v. Gilmore*, 21 Pick. 253 ; the *issue* is precisely the same in the two cases, that is, whether the defendant is liable for the injury plaintiff claims to have sustained on account of the negligence of the conductor, and as to this issue the former judgment is conclusive. Plaintiff seeks to litigate the same cause of action by substituting simply other proofs. He is not entitled to do so : *Fifield v. Edwards*, 39

Mich. 266 ; for it cannot be suffered that a controversy shall be tried over and over, but one trial on the merits must conclude the litigation. If a party has been so negligent, or unfortunate, as to fail in making a full presentation of his case, whereby judgment passes against him, he cannot be helped on making a better showing in a new suit: *Stark v. Starr,* 94 U. S. 485 ; *Cromwell v. County of Sac, Ib.* 352 ; and cases cited : *Davis v. Brown, Ib.* 428 ; *Howards v. Selden,* 5 Fed. Rep. 465 ; a former judgment is conclusive as to matters which might have been properly raised and determined therein : *Stockton v. Ford,* 18 How. 420 ; and all defenses are swept away that might or should have been raised in a former suit : Bigelow on Estoppel, 46 ; *Campbell v. Rankin,* 46 U. S. 263 ; *Kelly v. Donlin,* 70 Ill. 385 ; *Hackworth v. Zollars,* 30 Ia. 436 ; and where the cause of action is the same, additional grounds cannot be put forward in a subsequent suit : *Rogers v. Higgins,* 57 Ill. 247 ; a judgment is final as to matters which might have been decided : *Clemens v. Clemens,* 37 N. Y. 59 ; *Maleney v. Horan,* 49 N. Y. 116 ; *Murrell v. Smith,* 51 Ala. 304 ; *Campbell v. Ayres,* 1 Ia. 261 ; *Oliver v. Montgomery,* 39 Ia. 601 ; judgment on a general demurrer is a judgment on the merits : *Clearwater v. Meredith,* 1 Wall. 43 ; *Perkins v. Moore,* 16 Ala. 17, 19 ; *Bouchaud v. Dias,* 3 Denio, 238, 243 ; *Aurora City v. West,* 7 Wall. 82, 95, 102, 103.

A judgment is not only conclusive as to what was actually determined, but as to every other matter which might have been brought forward and determined respecting the subject matter : *Goodrich v. The City,* 5 Wall. 566 ; on demurrer to any of the pleadings which go to the action, the judgment for either party is the same as it would have been on an issue of fact joined upon the same pleading, and found in favor of the same party.

*Conely, Maybury & Lucking,* for plaintiff :

If an action fails because the declaration is held bad for want of some material allegation—if the want of such allegation is the ground of the decision—the judgment is no bar to a second action in which the want is supplied. Wells *res adjudicata,* §§ 446–7 ; or to state the rule in another way. A judgment holding a declaration bad, in substance, is in no case a bar to a suit in which a good declaration is filed : *Gilman v. Rives,* 10 Pet. 302 ; *Gould v. Evansville R. R. Co.,* 91 U. S. 533, 534 ; *Terry v. Hammonds,* 47 Cal. 32 ; *Birch v. Funk,* 2 Met. (Ky.) 544 ; *Keater v. Hock,* 16 Ia.

23; *Wilbur v. Gilmore*, 21 Pick. 250–3; Gould's Pleadings, 478; *Fifield v. Edwards*, 39 Mich. 264; *Baxter v. Aubrey*, 41 Mich. 14, 17.

SHERWOOD, J.   A case between these parties, involving the same transaction, was before this Court, and decided at the October term, 1884 (55 Mich. 57).   It was held in that case, upon demurrer, by the judge of the superior court of Detroit, that the plaintiff's declaration did not state a cause of action, and judgment was given for the defendant.   From that judgment the plaintiff appealed to this Court, and the judgment of the superior court, on an equal division of this Court, was affirmed under the statute.

Since then the plaintiff has renewed his suit in the same court at Detroit, and upon a new declaration, and as he claims, containing the averments omitted in the old one, which by the prevailing opinion here proved fatal thereto; and upon a trial before a jury thereon has succeeded in obtaining a judgment in his favor for the sum of $1,500 damages.   From this judgment the defendant appeals.

The entire proceedings had in the case are now before us for review.   The defendant's counsel did not demur in the present suit, but pleaded to the declaration the general issue, and gave notice thereunder that he would insist, upon the trial, that the judgment in the first case is a bar to the present suit.

The defendant's counsel now claims the issue sought to be tried in this case is *res adjudicata*; that the judgment in the first case is still in force upon the merits, upon the same cause of action, and between the same parties; that the judgment was final and conclusive between the parties.

I am not prepared to accept this doctrine.   How it can be said that the merits of a plaintiff's case have been passed upon, when the declaration does not state his case, or any merits, I am not able to comprehend.   It was twice adjudicated that the declaration in the first case was without merits, that it did not state the plaintiff's cause, or any cause, for the demurrer was held general.   How a declaration containing a statement of facts, entitling a plaintiff to nothing, can be

made to defeat a recovery under a declaration containing a statement of facts, entitling the plaintiff to a judgment for $1,500, I confess I have never been quite able to understand. A practice which will allow this to be done can find no support in reason or justice, and can never receive my sanction. This, however, must be done if the bar in this case is to be maintained.

The question of *res adjudicata* seems to have been the principal one raised in the case, and I think no error was committed in the ruling upon the subject.

The changes made in the old declaration, in framing the one in this suit, remedied the defects complained of, if any existed, in the old one, and the fact that no demurrer was interposed to the one in the present case would indicate that a different view was not very strongly entertained by defendant's counsel.

I feel quite satisfied with the opinion given by my brother CHAMPLIN upon the several questions discussed in the former case, and see no occasion for their repetition here.

The charge made by Judge Chipman, in this case, was clear and well guarded, and covered all the questions in the case upon which the jury needed instructions.

I do not think any error was committed in any of the rulings or charge of the learned judge of the superior court, and the judgment should be affirmed.

MORSE and CHAMPLIN, JJ., concurred.

CAMPBELL, C. J.    I do not think that the cause of action in the present case differs at all from what it was when formerly before us. The declaration there was demurred to as showing no cause of action, and plaintiff, without amending, chose to put himself on that issue, which was decided against him. It is manifest on the face of the record that the suit is for the precise cause of action sued for before, and I do not understand that the declaration has introduced any legally new element.

If the conductor can, under any circumstances, assume the charge of the engine, it is one of the risks of the business

which the brakeman undertakes; and if he sees fit to act in his vocation and couple cars when the conductor is so acting, I do not see how the case differs from any other where he does the same work. The conductor does not, while so acting, cease to be conductor and become a general agent of the company to employ himself in some other capacity. If the company is not in fault in employing him as conductor, it cannot be any more in fault for what happens while he is acting in anything which a conductor is authorized to do. He may himself be liable for his own negligence, but the negligence of those in the same work is not a cause of recovery, in favor of an employe against the company.

Both as an original question, and as a case where the litigation has once been terminated by a judgment, I think there is no liability in this case.