ALGENA STRAW *v.* ILLINOIS CENTRAL RAILROAD COMPANY.

RES JUDICATA. *Demurrer to declaration. Judgment sustaining same.*

> The judgment of a court of competent jurisdiction in an action to recover for personal injuries, sustaining a demurrer to the declaration, and dismissing the action, on the ground that the declaration showed the plaintiff to have been guilty of contributory negligence, is an adjudication, and bars a second action for the same injury.

FROM the circuit court of Hinds county.

HON. J. B. CHRISMAN, Judge.

The opinion states the case.

*Williamson & Potter,* for the appellant.

The merits, as set out in the second case, not having been heard under the first declaration, the court should not have found for appellee on the question of *res adjudicata.* "Only judgments in which the merits might have been tried are conclusive." *Johnson* v. *White,* 13 Smed. & M., 584; *Mosby* v. *Wall,* 23 Miss., 81. The facts must have been directly in issue. *Land* v. *Keirn,* 52 Miss., 341; *Scully* v. *Lowenstein,* 56 *Ib.,* 652. Questions not presented in former pleadings not adjudicated. *Hubbard* v. *Flynt,* 58 Miss., 266; *Davis* v. *Davis,* 65 *Ib.,* 498; *Campbell* v. *Hunt,* 104 Ind., 210.

"There is no question but that, if a man mistakes his declaration, and defendant demurs, the plaintiff may set it right in a second action." *Wilbur* v. *Gilmore,* 21 Pick. (Mass.), 250.

"A judgment that a declaration is bad in substance, can

never be pleaded as a bar to a good declaration for the same cause of action." *Los Angeles* v. *Miller*, 59 Cal., 453.

"A former recovery is no bar to the same cause of action, when the judgment of the court is asked upon another and different state of facts." *Keater* v. *Hock*, 16 Iowa, 23.

The plaintiff has a right either to amend his declaration or have it dismissed and bring another suit. *Buck* v. *Funk*, 2 Met. (Ky.), 544; Freeman on Judgments, § 267.

When a suit is dismissed on demurrer merely in consequence of the omission of an essential allegation, which is supplied in the second suit, the dismissal cannot be considered as on the merits, and, hence, the second action is not barred. 1 Herman on Res Adj., p. 322; Wells on Res Adj., p. 371; Black. on Judg., § 718; Freeman on Judg., 260; 21 Am. & Eng. Enc. L., p. 269; *Gilmer* v. *Morris*, 30 Fed. Rep., 476; *Rodman* v. *Railroad Co.*, 59 Mich., 395; *Moore* v. *Dunn*, 41 Ohio St., 62; *Gould* v. *Railroad Co.*, 91 U. S., 526; *Gilman* v. *Rives*, 10 Peters (U. S.), 298; *Wells* v. *Moore*, 49 Mo., 229; *Stowell* v. *Chamberlain*, 60 N. Y., 272.

*Brame & Alexander*, on the same side.

Assuming that there is no difference between a judgment on demurrer and one on the merits, still the former judgment is not a bar in this case on the doctrine of *res judicata*. That was not the case here presented. The only identity is that of the parties and the injury sustained. The ground of action in the former case was entirely different—viz., the wrongful act of the conductor in ordering plaintiff to board a moving train. The wrong here complained of is the defective condition of the car. Identity of the wrong complained of is the test, not identity of parties and the injury sustained. There may be several acts of negligence, each of which would afford an independent ground for recovery on account of the same injury. A recovery and payment on one would bar action on the others, not because the issues were identical, but because there had been

complete satisfaction. No wrongdoer, however, should be allowed, by defeating recovery on one ground of action, to avail of that to defeat recovery on all.

*Mayes & Harris*, for the appellee.

There was no application to amend, and the judgment on the demurrer was therefore final. *Jacobs* v. *Insurance Co.*, 71 Miss., 656. The demurrer was, moreover, clearly one on the merits, and a judgment sustaining the same, and dismissing the cause, was *res adjudicata*, and bars another action. 21 Am. & Eng. Enc. L., p. 269; Wells on Res Adj., § 446, *et seq.;* *Gould* v. *Evansville, etc., Co.*, 91 U. S., 526; *Cromwell* v. *Sac County*, 94 U. S., 351.

2. The present suit is really on the same cause of action. It is for the same injury, and, while in the first the wrongful act complained of was that of the section boss in ordering plaintiff to board a moving car, and in the present one there is an additional averment setting up that the defective condition of a standard contributed to produce the injurious result, this additional averment is of a mere condition, and in nowise changes the gravamen of the complaint. The averment of a different feature of negligence in a second suit on account of the same injury does not make the cause of action different, and enable the plaintiff to get another trial. If he could get a second by thus splitting up his demand, he could also get a third. Such a splitting up of his demand could not be tolerated. *Shattuck* v. *Miller*, 50 Miss., 386; *Gaines* v. *Kennedy*, 53 *Ib.*, 103; *Cromwell* v. *Sac County*, 94 U. S., 351; *Beronio* v. *So., etc., Co.*, 86 Cal., 415.

3. The actions are the same in form, trespass *vi et armis;* and the substantial test is whether the testimony which would fully support the first case, or tend to support the first case, would maintain, or have a tendency to maintain, the second. Bigelow on Estoppel, p. 32 (ed. 1892); *Riker* v. *Hooper*, 35 Vt., 457; *Marsh* v. *Pier*, 4 Rawle, 273. By this test the

actions are clearly identical.   They are substantially the same, and the rule applies.   1 Addison on Torts, § 1355.   It always applies where the question of identity is one of nice investigation, the difference not clearly appearing.   21 Am. & Eng. Enc. L., pp. 236, 237, note and authorities cited.

4. The judgment sustaining the demurrer in the first case is, in effect, an adjudication that the plaintiff was guilty of contributory negligence, one ground of the demurrer, all of which were held to be well taken, being that the declaration showed as much on its face.   This judgment is still in force.   Contributory negligence is a defense to an action for defects in appliances furnished.   *Buckner* v. *Railroad Co.*, 72 Miss., 873. This decision was made upon a declaration setting up the same action on the part of the plaintiff which the present declaration sets up.

WOODS, J., delivered the opinion of the court.

A judgment on demurrer, going to the merits of the action, is as perfect bar to a second suit on the same demand or cause of action, as a judgment on a verdict finding all the facts. This proposition is fundamental in the present case, and is elementary.   We understand that there is no disagreement between counsel on this point.

That the parties to the former suit and to the present suit are the same, is admitted, and that the demand of appellant arose out of one and the same occurrence is not denied.   In the former suit the claim or demand of the appellant for damages for personal injuries sustained by him because of the appellee's negligence, was based upon the action of the section master in wrongfully ordering the appellant to board a moving train, and, in attempted obedience to which order, appellant was thrown upon the track and thereby received the injuries complained of.   In the present suit by the same plaintiff against the same defendant on the same claim for damages growing out of the same transaction, the right to a recovery is grounded

upon the same wrongful and negligent action of the same section master in ordering the appellant to board a moving train, and, in addition, a new incident or condition, alleged to have been conducive to the injury complained of, is introduced into the declaration, viz., the pulling out of its socket of a standard insecurely fastened when the appellant attempted to board the moving train under the order of the section master.

The record of the former suit shows that the court having jurisdiction of that action sustained the demurrer to the declaration on all the grounds specially assigned. Among other causes of demurrer specially assigned was this one, viz., that the declaration showed the plaintiff to have been guilty of contributory negligence. Now, the action of that court in sustaining the demurrer on all the grounds assigned was an adjudication that the plaintiff (the appellant here) was guilty of contributory negligence in the affair out of which his claim arose.

There was no appeal from that judgment in the former suit, and the declaration in the present suit sets out the same conduct of appellant which, in the other case, was adjudged contributory negligence on his part. So we have an adjudication, unappealed from, denying the right to recovery because of the plaintiff's contributory negligence in the transaction in which he was injured, both shown by him in his declaration in the former suit, and again shown in the present action.

Whether that former adjudication was right is not the subject of inquiry here now. It stands unappealed from, and it is, as it appears to us, decisive of the issue now presented to us, for it is the judgment of a court of competent jurisdiction that, in the transaction in which the injury occurred, and of which complaint is here made in this second suit, the plaintiff was guilty of contributory negligence.

For a fresh and vigorous exposition of this question, see *Kleinschmidt* v. *Binzel*, 43 Am. St. Rep., 604, and *Fahey* v. *Esterley Machine Co.*, 44 Am. St. Rep., 554 and notes.

*Affirmed.*

*Williamson & Potter,* for the appellant,

Filed a suggestion of error to the following effect: The only thing in the first declaration that suggests a good cause of action is the averment "that the boarding of the train of cars, while so in motion, was attended with great danger, of which plaintiff was not then fully aware." There was no averment showing of what the unknown danger consisted, and the court could not, of course, impute negligence to the company on a declaration that failed to disclose the wrongful act that created the hazard. The second declaration shows that this danger resulted from the defective condition of the standard, which was the only means provided for getting on the cars the plaintiff was ordered to board, and which it was customary to use for the purpose of mounting upon the cars. The first declaration alleged nothing in the way of negligence upon which a right of action could be founded, and no question of identity can therefore arise.

The mounting upon moving trains being incidental to the employment of the appellant, cannot be treated as constituting contributory negligence, and there was nothing else in the first declaration to which that ground of demurrer could relate. No such issue was raised by the pleadings, unless the mere suggestion in the demurrer makes the issue.

*Suggestion of error overruled.*