ALABAMA & VICKSBURG RAILWAY CO. *v.* MARY B. McCERREN.

1. RES ADJUDICATA.  *Judgment on demurrer to declaration.*

  A final judgment for defendant rendered on sustaining a demurrer to a declaration because of plaintiff's failure to aver a fact essential to his cause of action, will not bar a subsequent suit between the same parties for the same cause.

2. SAME.  *Appeal.  Affirmance.*

  The affirmance, on appeal, by the supreme court of a judgment of a circuit court does not render the judgment more effective in bar of another suit than it was before the appeal.

FROM the circuit court, first district, of Hinds county.

HON. ROBERT POWELL, Judge.

The first case between these parties is reported in 72 Miss., 1013. After the decision of that case, this one was begun. The judgment in the first suit was pleaded by appellant, defendant below, in bar of this action, and thus arose the question decided by the court. It will be necessary, to an understanding of the principle decided, to read the opinion first delivered in connection with the response to the suggestion of error. The opinion and response by the court contain all other facts necessary to be known.

---

*Mc Willie & Thompson*, for appellant.

In a previous suit between the parties for the same cause of action, the defendant, railway company, demurred to plaintiff's declaration, and, the demurrer having been sustained, the plaintiff declined to amend, and took an appeal from the judgment dismissing the cause. On the hearing of the appeal the judgment of the lower court was affirmed by this court in an opinion in which the deficiencies of the declaration are considered at length. *McCerren* v. *Railway Co.*, 72 Miss., 1013. Subsequently the present suit was brought, which sets up essentially the same cause of action, and the railway company pleaded the final determination of the previous suit as an adjudication. The order of the circuit court sustaining plaintiff's demurrer to this plea is now assigned for error. That the plea of *res adjudicata* should have prevailed, we think, is shown by a comparison of the two declarations. The case of *Straw* v. *Railroad Co.*, 73 Miss., 446, is authority on this point.

We can see no reason why the Straw case is not decisive of the question arising on the demurrer to defendant's plea of *res adjudicata*. The declarations make essentially the same case. The same averments appear in both; while not presented in the same order, they are not materially different. The use of the adjective " unusual " in describing the speed of the handcar and the conduct of the railway employes upon it does not make the case a different one. If it be different, then this case, both in pleading and proof, stands on a mere adjective. It should not be overlooked, however, that the question raised by the plea of *res adjudicata* is not whether the declaration in the present suit with the averment of unusual rapid speed in the handcar and unusual noisy conduct on the part of the section hands, would have been good on demurrer, but whether the plaintiff, after declining to amend and make the averments necessary to show a cause of action, which were plainly indicated by defendant's demurrer in the first suit, can now maintain a second suit for the same injury.

The demurrer to the declaration in the former suit involved essential matters of fact. It was not directed merely to formal defects, but went to the merits of the controversy. The judgment thereon being final, is equal to a final judgment obtained in any other way; and particularly must that be the case when the plaintiff declines to amend and elects to stand on the case presented. The supreme court of the United States, as well as our own supreme court, have said it makes no difference in principle whether the facts on which the court proceeded were proved by competent evidence, or were admitted by the parties by way of demurrer to a pleading in which the facts are alleged; such an admission is just as available to the opposite party as if it was made *ore tenus* before a jury. *Gould* v. *Railroad Co.*, 91 U. S., 553; *Jacobs* v. *Ins. Co.*, 71 Miss., 656; 21 Am. St. Rep., 554; *Kleinschmidt* v. *Binzel*, 43 Am. St. Rep., 604; *Fahey* v. *Machine Co.*, 44 Am. St. Rep., 554; Wells' Res Adjudicata, sec. 446, *et seq.; Cromwell* v. *Sac County*, 94 U. S., 351; *Shattuck* v. *Miller*, 50 Miss., 386; *Gaines* v. *Kennedy*, 53 Miss., 103; *Beronio* v. *So. etc., Co.*, 86 Cal., 415.

The declaration in the first case set out fully all the facts that could possibly be proved. It was good in form and in substance, detailing the facts, and the demurrer went to the merits. *Kimbrou* v. *Railroad Co.*, 56 Ga., 187; *Agnew* v. *McElroy*, 10 Smed. & M., 553; *Perry* v. *Lewis*, 49 Miss., 443.

The faults in a declaration which will allow the institution of a second suit, after final judgment for defendant on demurrer thereto, are either that there was a want of jurisdiction, or because the plaintiff misconceived the remedy, or did not bring the proper parties before the court. *Brackett* v. *Hoitt*, 20 N. H., 257; *Schendall* v. *Swain*, 13 Md., 310; *Smally* v. *Eddy*, 19 Ills., 207; *Gilman* v. *Rives*, 10 Peters, 298. A judgment rendered on a question of law, when the facts are admitted by a demurrer, will preclude a renewal of the controversy on the same grounds. *Perkins* v. *Moore*, 16 Ala., 17; *Bankhead* v. *Brown*, 5 Sandford, 167; *Vallandaghan* v. *Ryan*, 17 Ill., 25;

*Robinson* v. *Howard*, 5 Cal., 427; *City* v. *West*, 7 Wallace, 84. The appellee argues that the plea of *res adjudicata* cannot prevail where the declaration failed to show a sufficient cause of action. If this is true, the converse of the proposition is also true, and the plea can only prevail when the declaration did show a sufficient cause of action, and the demurrer was bad, and ought to have been overruled. This cannot be the rule; it would give an erroneous judgment larger effect than a correct one, and reach the limit of absurdity.

*Calhoon & Green* and *Williamson & Potter*, for appellee.

Suit was heretofore brought by the same plaintiff against the same defendant for the same injuries complained of in the present suit. Defendant demurred to the first declaration, the demurrer was sustained, and plaintiff appealed to this court, which held (72 Miss., 1013) that the declaration was insufficient in that it did not aver that the handcar was operated in an unusual manner, and, because of this defect in the declaration, the judgment of the lower court was affirmed. In other words, it was held that the plaintiff could take nothing, because she did not present a declaration that could be considered by the court. Afterward plaintiff filed the present suit, making the averments held to be necessary to constitute a cause of action. Appellant relies for a reversal largely on the Straw case, 73 Miss., 446, which, we contend, is wholly different, and easily distinguished from the case at bar. The Straw case falls under the rule that a judgment is conclusive between the same parties for the same action. The case at bar falls within the exception to the rule that, where a demurrer is sustained because the declaration is bad in substance or because of other vital defects, it is not a bar to a second suit. *Johnson* v. *White*, 13 Smed. & M., 584; *Wilbut* v. *Gilmore*, 21 Pick., 250; *Terry* v. *Hammonds*, 47 Cal., 32; *Birch* v. *Funk*, 2 Metc. (Ky.), 554; *Keator* v. *Holk*, 16 Iowa, 23; *Gilman* v. *Reves*, 10 Pet., 302. Here there is a final adjudication that holds the first declaration did not pre-

sent or constitute any cause of action at all, owing to the fact that it omitted allegations that were held to be vital.    In the Straw case there was a judgment unappealed from, sustaining the demurrer on all the grounds given, and it could never be decided whether the court had held that the injured person was a fellow-servant of the party by whose negligence he suffered, or that his injury was the result of his own negligence, or that his injury was on account and incident to the employment in which he was engaged, or some of the other grounds set out in the demurrer in that case.    It is well settled that if the plaintiff fails on demurrer in his first action, from the omission of an essential allegation in his declaration, which is fully supplied in the second suit, the judgment in the first suit is no bar to the second suit, though the respective actions were instituted to enforce the same right; for the reason that the merits of the case, as disclosed in the second declaration, were not heard and decided in the first action.''    1 Herman on Estoppel and Res Adjudicata, sec. 273, says: ''If the plaintiff fails on demurrer in his first suit from the omission of an essential allegation in his declaration, which is fully supplied in the second suit, the judgment in the first action is no bar to the second, although the respective actions were instituted to enforce the same right, for the reason that the merits of that cause, as disclosed in the second declaration, were not heard and decided in the first.''    Black on Judgments, sec. 718, says: '' Where a bill is dismissed on demurrer, merely in consequence of the omission of an essential allegation, which is supplied in the second suit, the dismissal cannot be considered as on the merits, and hence the second action is not barred.''    Freeman on Judgments, sec. 267, says: ''If the court decides that plaintiff has not stated the facts sufficient to constitute a cause of action, or that his complaint is otherwise liable to any objection urged against it, such decision does not extend to any issue not before the court on the hearing of the demurrer; it leaves the plaintiff at liberty to present his complaint in another action so

corrected in form or substance as to be no longer vulnerable to the attack made in the former suit.'' Wells on Res Adjudicata, sec. 447, says: ''A decree that the declaration is deficient is not a decision on the merits of the cause, as, for example, that the declaration does not state facts enough to constitute a cause of action.''

Argued orally by *T. A. McWillie* and *R. H. Thompson*, for appellant, and by *S. S. Calhoon* and *C. M. Williamson*, for appellee.

WOODS, C. J., delivered the opinion of the court.

In November, 1895, the appellee, Mrs. M. B. McCerren, filed her declaration in the circuit court of Hinds county against the appellant railway company, seeking to recover for personal injuries received by her by reason of the misconduct of appellant's servants in running a handcar at a high rate of speed near and across Capitol street, in the city of Jackson, and by reason of loud and noisy outcries of the crew propelling said handcar, whereby appellee's horse became frightened and ran away, throwing appellee violently from her vehicle.

To this declaration the appellant demurred, and the court sustained the demurrer, and on appeal to this court, the judgment of the trial court sustaining the demurrer was affirmed, and the case remanded. When the case was again reached, after remandment, in the court below, appellee obtained leave to amend her declaration, and did amend so as to conform to the views of this court in its former judgment of affirmance, the defects in the original declaration having been pointed out by this court. To the declaration so amended as to cover its former defects, the railway company filed the general issue, and a plea of *res' adjudicata*, this latter plea setting up in bar the former judgment of this court upon the demurrer of the railway company to appellee's declaration. The appellee replied, averring that the judgment relied upon as constituting *res adju-*

*dicata* was not a judgment upon the merits, but was a judgment only upon the insufficiency of a pleading. To this replication, the railway company rejoined, saying that the former judgment was upon the merits of the controversy. Upon this issue, thus made, the court below found for appellee, and overruled the plea of *res adjudicata*, and this action of the court below presents the ground of complaint in the present appeal.

The statement just made ought, of itself, to be sufficient to demonstrate the unsoundness of the present contention on this point. The principal defect in the original declaration, as held and pointed out by this court on the former appeal, was the failure of the declaration to aver that the rate of speed at which the handcar was being run at the time of the occurrence of the injuries complained of, was unusual, and that the boisterous outcries of the crew were also unusual. Our former judgment was only addressed to the insufficiency of a pleading, and neither touched nor was intended to touch the merits of the controversy sought to be presented by the insufficient declaration, and when, after remandment, the appellee asked and obtained leave to amend her defective pleading, so as to conform it to the opinion of this court, she thereby offered a new and distinct complaint, and not the one which this court had held bad. To our mind it is clear that the former judgment of this court did not affect the merits of the case, and that the plea of *res adjudicata*, was bad.

It is urged by counsel for the railway company, moreover, that the plea of *res adjudicata* was good, because, as stated by counsel, the question raised by the plea was not whether the present declaration averring unusually rapid speed in running the handcar, and unusually noisy conduct of the crew, would have been good on demurrer, but whether the plaintiff, after declining to amend, and after appealing to this court to have its judgment upon her pleading, can now prosecute her amended complaint for the same injury referred to in the former defective declaration. There is no merit whatever in this contention,

for it is, in effect, this, viz.: that no one can appeal from the judgment of an inferior court upon the insufficiency of a pleading to this court without being held subject to the penalty of having awarded against him final judgment, if the insufficiency of the pleading shall be affirmed by us. We do not so understand the law. In our opinion, one may appeal from an unfavorable judgment on his pleading, and that the risk taken is that of having a cost bill to pay, and not that of having final judgment upon the merits of the controversy ineffectually sought to be presented by a bad plea pronounced against him, if the appellate court shall concur in the unfavorable judgment appealed from.                                         *Affirmed.*

*Mc Willie & Thompson*, for appellant, after the rendition of the foregoing opinion, filed the following suggestion of error: The counsel for the appellant in this case present this, a suggestion of error. The error of fact into which the court fell is this: It presumed that the demurrer to the declaration, which was sustained, and the judgment upon which was affirmed in this court, was a judgment in the suit now before the court. The judgment of the first suit sustained the demurrer to the declaration. The plaintiff declined to amend, and judgment finally was rendered by the circuit court against her. After thus precluding herself from afterwards amending, she appealed to the supreme court, and this court rendered judgment affirming the judgment of the circuit court. The first suit was not remanded by this court to the lower court. A new suit was begun, and a plea of *res adjudicata* was interposed, to which a *nul tiel record* was filed, and also a second replication denying that the first suit had been determined upon its merits. There is nowhere in the record any pretense by anybody that the suits were the same. It is only claimed by appellant that the causes of action were the same. The court, however, failed to notice that the suits were different, and hence the opinion rendered is predicated of the aforesaid misconception.

Woods, C. J., delivered the following response to the suggestion of error filed to the former opinion of the court:

We were in error, in the former opinion, in stating that the case of Mrs. McCerren against the Alabama & Vicksburg Railway Company, decided by this court on the former appeal, was remanded upon our affirmance of the judgment of the court below in that case. With the help of counsel we have been able now to discover that the case was not remanded, and that this appeal is from the judgment of the trial court in a cause filed after the judgment of this court in the former appeal.

But this error in no way affects the conclusion arrived at by us in our former opinion in the present case. Whether the declaration was an amended one, framed to meet the views of this court in its opinion on the former appeal, or was a new declaration, filed in a new suit and framed to meet the views of this court in its opinion on the former appeal, is immaterial.

We considered maturely the brief of counsel for appellant, with the authorities relied upon therein, before deciding the case last month. The case of *Straw* v. *Railroad Co.*, 73 Miss., 446, was carefully examined by us then, though it was quite fresh in our minds, and we thought then, as we do now, on further consideration, that it does not support the contention of counsel. It is readily distinguishable from the case in hand.

*We adhere to our former opinion.*