MARIA CAPACCIO *vs.* AMOST B. MERRILL & another.

Hampden.   September 28, 1915. — December 16, 1915.

Present: RUGG, C. J., LORING, CROSBY, PIERCE, & CARROLL, JJ.

*Judgment. Practice, Civil,* Plea in bar, Waiver of right to entry of judgment on order sustaining demurrer.

A judgment for a defendant upon a demurrer, which was based on the ground of a defect in the declaration, is not a bar to a new action in which the defect in the former declaration is cured by the necessary allegations.

A declaration in an action of contract contained three counts. A demurrer to the declaration and to each of its counts was sustained and the plaintiff was given leave to amend. He amended the second and third counts but did not amend the first count, and the defendant again demurred to the three counts of the amended declaration. The demurrer was overruled, and at a trial of the case on its merits the plaintiff elected to go to the jury on the first count only and obtained a verdict. The defendant contended that the first count had been wiped out by the order sustaining the first demurrer against it and that therefore the verdict rendered on it could not stand. The first count stated a cause of action. *Held,* that the defendant, when his first demurrer was sustained and the plaintiff amended only the second and third counts, might have moved to have judgment entered for him on the first count, but that, when he demurred to all three counts for a second time and on the overruling of his demurrer went to trial on the first count, he waived his right to have judgment entered for him on that count.

CONTRACT for breach of an alleged contract to sell and deliver to the plaintiff at a stipulated price all the fall and winter apples

in the orchard on a certain farm of the defendants at Hampden in the year 1911, the amended second count of the declaration alleging that the plaintiff was the assignee of a contract in writing for the sale and delivery of such apples, and the amended third count of the declaration alleging a similar assignment and contract. Writ dated December 20, 1913.

The proceedings are described in the opinion. The plea in bar there described was overruled by *Wait*, J. The demurrer to the amended declaration, referred to in the opinion, also was overruled by *Wait*, J. Thereafter the case was tried on its merits before *Hamilton*, J. At the close of the evidence the judge directed the plaintiff's attorney to elect on which count of the declaration he would go to the jury. The plaintiff selected the first count as the one on which she would base her cause of action, and the judge so instructed the jury in his charge. Before the charge the defendant Burleigh asked the judge to make the following ruling:

"That as judgment has been entered for the defendant Burleigh, in a suit pending in this court upon the same subject matter as is the basis of this cause of action, it is *res adjudicata,* and is a bar to this action as against the defendant Burleigh."

The judge refused to make this ruling. The jury returned a verdict for the plaintiff against the defendant Burleigh in the sum of $197. They returned a verdict for the defendant Merrill. The defendant Burleigh alleged exceptions.

The case was submitted on briefs.

*C. S. Ballard, C. J. Weston & F. P. Carleton,* for the defendant Burleigh.

*H. N. Cross & T. F. McGlynn,* for the plaintiff.

LORING, J. In this action the defendant Burleigh set up in bar the fact that judgment had been rendered in his favor in a former case between the same parties, based upon the same cause of action. From an inspection of the record in the former case it appears that the earlier judgment in favor of the defendant was rendered on a demurrer based upon the ground that the earlier declaration was defective and that that defect is cured in the declaration in the present action.

In such a case the former action is not a bar. It was so held in *Wilbur* v. *Gilmore,* 21 Pick. 250. To the same effect see *Foote* v. *Gibbs,* 1 Gray, 412, 413. And that is established in other

jurisdictions. See *Wiggins Ferry Co.* v. *Ohio & Mississippi Railway*, 142 U. S. 396; *Detrick* v. *Sharrar*, 95 Penn. St. 521; *Porter* v. *Kingsbury*, 77 N. Y. 164; *Docter* v. *Furch*, 76 Wis. 153; *Thomas* v. *Bland*, 91 Ky. 1; *Swanson* v. *Great Northern Railway*, 73 Minn. 103; *Rodman* v. *Michigan Central Railroad*, 59 Mich. 395; *Moore* v. *Dunn*, 41 Ohio St. 62; *Terry* v. *Hammonds*, 47 Cal. 32; *Terre Haute & Indianapolis Railroad* v. *State*, 159 Ind. 438; *Papworth* v. *Fitzgerald*, 111 Ga. 54; *Wells* v. *Moore*, 49 Mo. 229; *Alabama & Vicksburg Railway* v. *McCerren*, 75 Miss. 687; *Duke* v. *Postal Telegraph Cable Co.* 71 S. C. 95; *State* v. *Roth*, 47 Ark. 222; *Florida Southern Railway* v. *Brown*, 23 Fla. 104; *State* v. *Cornell*, 52 Neb. 25; *O'Hara* v. *Parker*, 27 Ore. 156. We know of no case to the contrary.

The opposite result is reached (first) when the demurrer in the earlier action is based on the merits; see *Old Dominion Copper Mining & Smelting Co.* v. *Bigelow*, 203 Mass. 159, 205; *Yates* v. *Utica Bank*, 206 U. S. 181, 183; *Northern Pacific Railway* v. *Slaght*, 205 U. S. 122, 130; and (second) when leave to amend is given in the earlier case and the plaintiff refuses to do so. See *Correia* v. *Supreme Lodge Portuguese Fraternity*, 218 Mass. 305.

To avoid misunderstanding it may be added that the rule in *Foye* v. *Patch*, 132 Mass. 105 (as to which see *Homes* v. *Aery*, 12 Mass. 134, 137; *Thatcher* v. *Gammon*, 12 Mass. 268, 269, 270; *Loring* v. *Mansfield*, 17 Mass. 394, 396; *Homer* v. *Fish*, 1 Pick. 435, 439; *Fuller* v. *Shattuck*, 13 Gray, 70, 71; *Flint* v. *Bodge*, 10 Allen, 128, 130; *Bassett* v. *Connecticut River Railroad*, 150 Mass. 178; *Clare* v. *New York & New England Railroad*, 172 Mass. 211; *Cotter* v. *Boston & Northern Street Railway*, 190 Mass. 302), does not apply in cases like that now before us.

The defendant has argued a question not raised by the bill of exceptions, but one which will be raised when the question is reached of entering judgment on the verdict rendered in this case. The declaration in the present case originally consisted of three counts. To this declaration and to each count of it this defendant demurred, and his demurrer was sustained. When the court sustained that demurrer the plaintiff was given leave to amend her declaration. Pursuant to that leave the plaintiff amended the second and third counts but did not amend the first count of the declaration. Then the defendant demurred again

"to the first, second and third counts of said amended declaration," and this demurrer was overruled.  After this demurrer had been overruled the parties went to trial upon issues raised by an answer.  At the trial the presiding judge required the plaintiff to elect upon which count she would go to the jury, and she elected to go to the jury upon the first count.  The jury rendered a verdict in favor of the plaintiff on that count.  The defendant now contends that inasmuch as the demurrer to the original declaration so far as the first count was concerned was sustained, the verdict was rendered on a count which was no longer in existence at the time of the trial.

That contention cannot be sustained.  When the first demurrer to the original declaration was sustained and the plaintiff amended the second and third counts only, the defendant on motion could have had judgment entered in his favor on the first count.  But this was waived by him when he demurred a second time to the first count and went to trial on all three counts.

The first count is sufficient.  There is no difficulty in entering judgment on the verdict which has been rendered in favor of the plaintiff on that count.

The entry must be

*Exceptions overruled.*