WELLS *et al. v.* NEILL *et al.*

(Division B.   Jan. 4, 1932.)

[138 So. 569.   No. 29682.]

**Howie & Howie**, of Jackson, for appellants.

Butler & Snow, of Jackson, for appellees.

Argued orally by **W. B. Fontaine**, for appellant, and by **George Butler**, for appellee.

**Griffith, J.**, delivered the opinion of the court.

Appellants, as receivers of the Mississippi Farm Bureau Cotton Association, an insolvent corporation, filed their bill against the officers and directors of said corporation in which it was alleged, to state the substance in brief, that the corporation had been incorporated for the purpose of marketing the cotton of the farmers of the state, and for warehousing the cotton of those who had produced the same, so as to obtain the best prices possible; and, in the meantime, to assist the farmers in financing themselves while holding their cotton in the warehouses of the said cooperative corporation. It is further alleged that there were two optional contracts which the farmers who placed their cotton in the hands of the corporation could make, one under which

the cotton was not to be sold until directed by the farmer, and the other under which the corporation could sell the cotton when the corporation deemed best; but in either event when sold, the proceeds, less the charges for the services rendered, should be immediately remitted by the corporation to the farmer whose cotton was sold.

The bill further alleged that during the years 1927, 1928, and 1929, although wholly unauthorized so to do by the charter of the corporation and although such course was entirely ultra vires, the officers and directors of the corporation took from time to time, and almost from day to day, the proceeds of the sales of the cotton sold by said corporation and therewith engaged in dealing in cotton futures, and that as a result of said unauthorized conduct on the part of said officers and directors there was lost from the funds of said corporation the sum total of two hundred seven thousand three hundred forty-one dollars and ninety cents; the said losses being itemized in the bill in lengthy detail. That by reason of said losses in dealing in cotton futures the said corporation became and is now insolvent, owing debts in excess of two hundred thousand dollars, no part of which it is able to pay; that the greater part of said debts is for cotton which was placed with the corporation by the producers, and which was sold by said corporation, the proceeds of which, instead of being remitted to the said farmer-producers, was wasted by said officers and directors in their ultra vires conduct of diverting said funds into the hazardous and unauthorized business of dealing in cotton futures.

A general demurrer was interposed and was sustained. The argument made in support thereof is that the bill does not show that the course of conduct pursued by said officers and directors was in violation of law. This argument overshoots the mark. The bill alleges that the said officers and directors were not authorized at all by the charter of the corporation to deal in futures; that such

conduct was wholly ultra vires; that said officers and directors had no authority to deal with the proceeds of the cotton sold, otherwise than to remit to the respective owners thereof less the cost of handling the cotton so sold; and that the diverting of this money into the business of dealing in cotton futures was a misappropriation of the funds of the corporation.

Thus there is to be applied a simple, and as we think an elementary, principle of law: When an agent or fiduciary is intrusted with funds or property to be devoted to or managed for specified purposes, and the agent or fiduciary deviates from his trust and devotes or appropriates the money or property to uses or purposes outside of and beyond those authorized and a loss occurs as a result of such unauthorized uses, the agent or fiduciary must restore the funds or property so lost, and particularly is this true when the funds or property has been diverted into ventures known to be hazardous, as is the case here. And it is only another version of the ancient principle above stated, that when officers and directors engage in any enterprise or venture not authorized by the charter of the corporation, which is ultra vires and results in a loss or waste of the funds of the corporation, the officers and directors who acquiesce in or consent to such a deviation from their trust are liable at the suit of the receivers for the funds so lost.

Under the stated principle the bill states a cause of suit, and the general demurrer should have been overruled. There are some points of practice which have been urged, but, in view of the fact that the bill on its face is amply sufficient, we pretermit any further discussion.

Reversed and remanded.