NEILL *et al. v.* WELLS *et al.*

(Division B. Jan. 2, 1933.)

[145 So. 341. No. 30291.]

Butler & Snow and **Whitfield Peirce**, all of Jackson, and **Wm. M. Hall**, of Memphis, Tennessee, for appellants.

Howie & Howie, of Jackson, for appellee.

Argued orally by **Geo. Butler** and **Whitfield Peirce,** for appellant, and by **William Fontaine,** for appellee.

**Griffith, J.,** delivered the opinion of the court.

The receivers of the Mississippi Farm Bureau Cotton Association filed their original bill in the chancery court against the officers and directors of the association, charging them with liability for the loss in the aggregate of a large sum of money wasted by the officers and directors in dealing in what is commonly known as "cotton futures," and which course of conduct it was shown by the bill was ultra vires—was outside of and beyond the uses and purposes authorized by the charter of the cor-

poration. There was joined as a party to this original bill the United States Fidelity & Guaranty Company as surety for C. L. Neill as president and for H. O. Pate as secretary-treasurer, the terms of the bond making the surety company responsible to the corporation for any loss "occasioned by any acts of fraud, dishonesty, or any criminal act," of the two officers aforesaid. No other officer or director was so bonded.

All the defendants, including the surety company, demurred to the bill, and all assigned as one of the grounds of demurrer that the bill was not maintainable on its merits; in other words, that "there is no equity on the face of the bill," and all of these demurrers contained also the special or procedural ground of demurrer that there is a misjoinder of causes of action and that the bill is multifarious. These were not separate demurrers, the general grounds and the procedural grounds being separately filed and presented, but in all the demurrers the general and special grounds were contained in the same paper or pleading. The court upon the hearing of these demurrers entered the following decree:

"This cause coming on this day to be heard on the separate demurrer of the defendants, G. T. Lee, R. L. Jordan, R. M. Browning, W. G. Evans, T. L. Johnson, W. D. Robbins, J. D. Simmons, S. A. Simmons, and the separate demurrer of C. L. Neill and the separate demurrer of H. O. Pate, and also the separate demurrer of the United States Fidelity & Guaranty Company, and the court having heard and considered said several demurrers, doth now order, adjudge and decree as follows:

"That said demurrers and each of them be and they are hereby sustained, but complainants are allowed sixty days within which to amend their bill, as of this term, if they desire so to do. In the event they do not amend within sixty days, said bill shall stand dismissed; provided, that in the event of amendment separate bills shall

be filed against the Board of Directors and Executive Officers, and against the said Neill and Pate and their surety, since it is the opinion of the court that to join said actions against said different groups of defendants is improper and renders the bill multifarious; to which action of the court in sustaining said demurrers, the complainants excepted and their exception is allowed.''

Soon thereafter, and within the time allowed for the filing of amended bills under the quoted order, the receivers filed their amended bill against the directors and such of the officers as were also directors, but omitted the surety company as a defendant, and omitted also the said H. O. Pate both personally and as secretary-treasurer, and omitted C. L. Neill as president, but retained him as a personal defendant; and no amended bill, separate or otherwise, was filed in respect to the parties just mentioned. A demurrer was interposed by the directors, the demurrer was sustained, and the amended bill was dismissed. The receivers appealed to this court from the decree dismissing the amended bill, and the decree was reversed. See Wells et al. v. Neill et al., 162 Miss. 30, 138 So. 569.

When the mandate of this court was produced in the trial court, the receivers filed therein their bill of review, alleging that the effect of the opinion and decree of this court on the appeal aforesaid was to reverse the action of the chancery court, not only as to its decree under the amended bill, but was also to reverse the decree of dismissal under the original bill. A demurrer was filed to the bill of review, and was overruled, and an interlocutory appeal was allowed.

As so often happens, the difficulties in this case have been brought about by the failure to observe the rule that grounds of general demurrer and of special demurrer should not be combined in the same pleading as was done in the demurrers to the original bill in this case,

A demurrer must be either overruled or sustained, and when so done, it will be as an entirety. A bill may be good in some feature for some relief, in which case a general demurrer of no equity must be entirely overruled. The same bill may contain at the same time, however, some procedural defect which, if raised by separate special demurrer, would enable the court to sustain that special demurrer, and thus require the bill to be amended in respect to the procedural defect, although the bill be good on the equity of the case. And one of the more important reasons for the requirement that general grounds of demurrer which go to the merits and special grounds which go to procedure shall be separately exhibited in separate demurrers is that, when a general demurrer is sustained and the bill is dismissed, the decree is res adjudicata on the merits and bars a new action or suit, whereas, when a special demurrer going to a procedural question is sustained, this is not res adjudicata on the merits, and is no bar to a new action or suit. 34 C. J., pp. 797, 799; 6 Ency. Pl. & Pr., p. 429; Love v. Robinson, 161 Miss. 585, 594, 137 So. 499, 78 A. L. R. 608.

The general rule has been long observed by this court that, where general and special grounds of demurrer are erroneously included in the same pleading, "the court will disregard the grounds of special demurrer and look only to the ground or grounds of general demurrer." Spence v. Clarke, 152 Miss. 542, 549, 120 So. 195, 196. And, when a decree has been entered sustaining a hybrid demurrer, that is to say, a demurrer containing both general and special grounds, and the recitals of the decree are in general terms, it will be assumed that the decree was on the merits, and will be taken as res adjudicata on the merits. We call attention, however, to the language of the court in Canton Cotton Warehouse Co. v. Potts, 68 Miss. 637, 638, 10 So. 59, which, while condemning the practice of both sustaining and overruling a de-

murrer at the same time and by the same decree, yet the court did there look to the terms of the decree to see upon what ground the demurrer was sustained, it appearing that the recitals of the decree contained some such terms. And so we think we may do in this case.

Looking then to the decree sustaining the demurrers to the original bill, it would seem to be a fair interpretation thereof that the demurrers were sustained on the ground of multifariousness. In this state it is settled that the objection of multifariousness is procedural. Darcey v. Lake, 46 Miss. 117; Griffith, Miss. Chan. Pr., sections 207, 298 and note 47 under the latter section. Since that objection is procedural and belongs to a special and not to a general demurrer, the sustaining of a demurrer on account of multifariousness is not res adjudicata of a new suit or action. The effect, therefore, of the recital in the decree here sought to be reviewed limiting the amended bills to sixty days was final as to the particular original bill, and carried the costs, but it did not preclude a new action or suit.

And, because the decree sustaining the demurrer to the original bill went to procedure and not to substance, a bill of review will not lie: First, because not necessary, and, second, because a bill of review does not lie for mere matters of form, but goes only to actual substance; that is to say, to the merits. Griffith, Miss. Chan. Pr., p. 734. The demurrer to the bill of review should have been sustained and the bill of review dismissed. If the receivers desire to further pursue those omitted from the amended bill, they can and should do so by a separate and a new action or suit, having first paid the costs incident to the original bill dismissed as to them.

It may be argued that the court should interpret the decree sustaining the demurrers to the original bill as having been on the merits rather than upon multifariousness or misjoinder; and the reason for this argument might have some foundation in the fact that the trial

court later sustained the demurrer on the merits to the amended bill. But, when contrary to a well-settled rule of practice, founded upon more than one substantial basis of reason, a defendant combines in one pleading grounds of general and special demurrer, and procures the court to act on such a hybrid pleading, and obtains a decree sustaining the demurrer, the defendant should not complain if the court later is able to find some visible ground upon the record of the decree for concluding that the decree was upon the special rather than upon the general grounds of demurrer. It is within the power of the demurrant, not to mention his duty under the practice, to separate his demurrers, and then, when his general demurrer is sustained, there will remain no doubt that the decree was on the merits.

Reversed, demurrer sustained, and bill of review dismissed.