GRANT *v.* DOTSON.

(Division B.   Dec. 7, 1942.)

[10 So. (2d) 680.   No. 35160.]

J. W. Kellum, of Tutwiler, for appellant.

**Brewer & Sisson,** of Clarksdale, for appellee.

**Anderson, P. J.**, delivered the opinion of the court.

Appellee Dotson brought this action in the County Court of Coahoma County against appellant Grant to enforce an automobile purchase money reserve title contract. The purpose of this suit was to recover the balance of the purchase money due on the automobile and to that end replevy the automobile in order to sell it and apply the proceeds to the payment of such balance. In his declaration appellant sought to recover more than the sum of $1,000. Section 693, Code of 1930, provides among other things, that the county courts "shall have jurisdiction concurrent with the circuit and chancery courts in all matters of law and equity wherein the amount of value of the thing in controversy shall not exceed, exclusive of costs and interest, the sum of one thousand dollars." To the declaration appellee filed the following demurrer:

"Comes defendant, by his attorney, in the above entitled and numbered cause and demurs specially to the declaration filed against him for the following causes of demurrer, to-wit:

"1. The original affidavit filed in this cause is insufficient in that it fails to allege therein the value of the property involved in this replevin suit.

"2. The declaration fails to show that the plaintiff has made demand on the defendant for the possession of the property involved therein.

"3. The cause of action is founded on the exhibit 'A' attached to the declaration and said exhibit 'A' shows on its face that the amount involved in this cause exceeds the jurisdiction of this court."

The demurrer was sustained by the court and appellee denied leave to amend his declaration. Thereupon the appellee filed another declaration in the same court on the same cause of action, except in his declaration the amount sued for was less than $1,000.

To the second declaration appellant plead res adjudicata based on the theory that the judgment in the first action, from which no appeal was taken, determined the merits of the cause. To sustain that position Straw v. Illinois Cent. Railroad Co., 73 Miss. 446, 18 So. 847, and other cases along the same line, are relied on. They are not in point because in those cases the demurrers went to their merits and were not confined to matters of procedure, as in the present case. Here the grounds of demurrer were confined to mere matters of jurisdictional amount and procedure; the grounds were that the amount sued for was above the jurisdiction of the county court and that appellant failed to demand possession of the automobile before bringing suit. The action of the trial court is sustained by Neill v. Wells, 164 Miss. 372, 145 So. 341; Alabama & V. Railway Co. v. McCerran, 75 Miss. 687, 23 So. 423, 876.

Affirmed.