John A. McARDLE, Plaintiff,

v.

Joseph SCHNEIDER, Defendant.

Civ. A. No. 64-83-C.

United States District Court

D. Massachusetts.

April 9, 1964.

Walter J. Hurley, Boston, Mass., for plaintiff.

Joseph B. Abrams, Boston, Mass., for defendant.

CAFFREY, District Judge.

This is a civil action for an alleged breach of an employment contract. Jurisdiction of this Court is based on diversity of citizenship. The matter is before the Court on the defendant's motion to dismiss. A previous suit had been filed in Suffolk Superior Court involving the same parties and the same factual and legal issues. It appears from the Superior Court records, certified copies of which have been filed with this Court, and from oral argument before this Court, that a demurrer to the complaint was sustained with the plaintiff given leave to file a motion to amend. Plaintiff then filed an amended complaint without having filed the requisite motion to amend. This complaint was subsequently stricken from the docket and returned to counsel for plaintiff as having been filed and docketed through clerical error. Judgment was entered for the defendant and execution issued. A motion is now pending in Suffolk Superior Court to vacate this judgment. Defendant's contention to this Court is that the instant action is barred by the principles of *res judicata*.

Where a prior judgment in the same cause of action between the same

parties was rendered on a demurrer to the sufficiency of the declaration the former judgment is no bar to a second action. Capaccio v. Merrill, 222 Mass. 308, 110 N.E. 626 (1915). However, when leave has been granted to file a motion to amend a defective declaration and the plaintiff has either failed or neglected to actually file the motion, the prior judgment is considered a bar to a second action by the plaintiff on the same cause of action. Hacker v. Beck, 325 Mass. 594, 91 N.E.2d 832 (1950); Keljikian v. Star Brewing Co., 303 Mass. 53, 20 N.E.2d 465 (1939). "The mere fact that a party has made a motion in the trial court to vacate the judgment * * * or to modify the judgment or to enter a different judgment does not deprive the judgment of its conclusive effect in another action between the parties," Restatement, Judgments, sec. 41, comment d (1942).

The motion to dismiss is allowed.